[No. 13225. In Bank.— October 12, 1889.]

L. B. McROSE, Respondent, *v.* LUCY BOTTYER, Appellant.

Highways— User for Five Years.— Butte County. — In Butte County, by act of 1874, by the user of a strip of land for a public way for a period of five years prior to the passage of that act, the public acquired the right to use the same as a public way.

Id. — Vacation of Highway—Non-user for Five Years—Extinction by Operation of Law—Construction of Codes. —Construing section 2621 of the Political Code, together with section 2619 of the same code, a public highway may be extinguished either by order of the board of supervisors, or by operation of law, or by judgment of a competent court; and construing section 2631 of the Political Code, in connection with sections 806 and 811 of the Civil Code, a highway acquired by user

for five years may be extinguished by operation of law by non-user for the same period. But when the period of non-user is less than five years, it is insufficient to support a presumption of abandonment by operation of law.

Id. — Highway upon Public Land — Patent from United States. — The act of Congress of 1866 granted the right of way for the construction of highways over public land not reserved for public uses, and a patent from the United States is taken subject to the easement of such a highway, if not extinguished by operation of the state laws, though user thereof by the public ceased before the date of the patent.

Appeal from a judgment of the Superior Court of Butte County.

The facts are stated in the opinion.

*Rearden & Freer*, for Appellant.

*John C. Gray*, for Respondent.

Gibson, C. — Action by plaintiff, as road overseer, to enjoin the defendant from obstructing an alleged public highway. Trial before the court without a jury. Judgment for plaintiff, from which defendant appeals. From the findings it appears that in the year 1858, and prior thereto, a strip of land leading from the defendant's brick store, at Thompson's Flat, in the county of Butte, in a northeasterly direction to and beyond the "old school-house" site at said Thompson's Flat, was and had been used by the residents of Thompson's Flat as a street or way to and from their places of residence. This use was discontinued after the year 1858, and for more than twenty years prior to the commencement of this action. On or about the year 1858, the trustees of the Thompson's Flat school district established and built a public school-house, for public school purposes, at the north end of the strip of land, and continuously thereafter, and until 1884, used the same as and for a public school. In the latter year the trustees sold the land upon which the school-house was located, and removed the school-house therefrom. From 1858, continuously

until the removal of the school-house, the strip of land was used as a means of ingress and egress to and from the school-house by the children attending school, and by the teachers and other persons having business at the school-house. This was the only use made of the strip from 1858 until 1884, and since the latter year it has not been used by the public for any purpose. The right of the public to the use of the strip for the purposes of a highway was acquired by its use as a street until 1858, and thereafter as a way to and from the school-house until 1884. This right has never been declared abandoned or discontinued by the board of supervisors of Butte County, or by any one having authority to so abandon or discontinue the same. The strip of land in question was at all times prior to the year 1887 public land of the United States. In 1887 the defendant acquired the title of the United States government to it, and in 1888 caused the same to be inclosed with a fence, which fence is the obstruction complained of, and which was thereafter removed by the plaintiff as road overseer.

The court, in rendering judgment for the plaintiff upon these facts, evidently proceeded upon the theory, that it having been established that the strip in question was once used as a public way, it continued as such, irrespective of its non-user, because it had not been abandoned by an order of the board of supervisors.

Appellant contends that as the necessity for the use and the use ceased, the right to the use was abandoned by operation of law. By section 2621 of the Political Code, it is provided that "a road laid out and worked and used as provided in this chapter shall not be vacated or cease to be a highway until so ordered by the board of supervisors of the county in which said road may be located." This section, if it were the only one relating to the same subject-matter, would support the conclusion of the trial court; but there is a provision of section 2619 of the same code which must be con-

strued with it.  (*Babcock* v. *Welsh*, 71 Cal. 402.)   It is
as follows: "All public highways, once established, shall
continue to be public highways until abandoned by or-
der of the board of supervisors of the county in which
they are situated, or by operation of law, or judgment of
a court of competent jurisdiction."   This section adds
two additional methods by which an abandonment may
be effected, viz., by operation of law, and by a judgment of
a court of competent jurisdiction.   As the findings show
that the use of the strip as a public way was not
abandoned by an order of the board of supervisors, it
becomes necessary to determine whether the right was
extinguished by operation of law; that is to say, by the
application of legal rules to the facts appearing in the
findings.

An act entitled "An act concerning roads in the
county of Butte," approved March 20, 1874 (Stats. 1874,
p. 503), provides that all roads used as such in the county
of Butte for a period of five years shall be public high-
ways.   The public, having used the strip of land in ques-
tion as a public way for five years prior to the passage
of that act, acquired the right to use the same as a pub-
lic way.  (*Bolger* v. *Foss*, 65 Cal. 250; *Gloster* v. *Wade*,
78 Cal. 407.)   "By taking or accepting land for a high-
way, the public acquire only the right of way, and the in-
cidents necessary to enjoying and maintaining the same,
subject to the regulations in this and the Civil Code pro-
vided."   (Pol. Code, sec. 2631.)   "The extent of a servi-
tude is determined by the terms of the grant, or the
nature of the enjoyment by which it was acquired" (Civ.
Code, sec. 806); and is extinguished "when the servitude
was acquired by enjoyment, by the disuse thereof by the
owner of the servitude for the period prescribed for ac-
quiring title by enjoyment." (Pol. Code, sec. 811.)   These
provisions are part of chapter 3, part 2, title 2, of the
Civil Code, which relates to private easements and ser-
vitudes; but they are made applicable to a public ease-

ment of the character in question by section 2631 of the Political Code, *supra*. The reason of the law is clearly to protect the public in the use of public highways, by preventing an abandonment of the right to the use being presumed from the cessation of the use for any period less than that by which the right may be acquired. In this respect public highways are placed upon the same plane with private rights of way. The period by which the public acquired the right to the use of the right of way in question was fixed at five years by the act of 1874. This action was brought on February 11, 1888, and the use by the public of the right of way, as such, was not discontinued until 1884; therefore the period of non-user was less than five years, and insufficient to support a presumption of an abandonment by operation of law.

The fact that the land was public land of the United States at the time the right to use it as a public way was acquired, and also at the time the use of it ceased, makes no difference. The act of Congress of 1866 (sec. 2477, R. S. U. S.) granted the right of way for the construction of highways over public land not reserved for public uses. By the acceptance of the dedication thus made, the public acquired an easement subject to the laws of this state; and the easement not having been extinguished by the operation of such laws, when the defendant acquired the title to the land, she took it subject to the easement. For illustration of the application of this principle, see *De Necochea* v. *Curtis*, 80 Cal. 397.

We therefore advise that the judgment be affirmed.

Belcher, C. C., and Foote, C., concurred.

By Court. — For the reasons given in the foregoing opinion, the judgment is affirmed.

Rehearing denied.