WILLIAM H. STREETER, APPELLANT, V. JOHN STALNAKER, APPELLEE.

FILED JANUARY 23, 1901.   No. 9,370.

1. **Public Roads:** UNITED STATES LAND: CONDEMNATION. Under the provisions of section 2477, Revised Statutes of the United States, lands of the general government not reserved for public purposes may be taken and used for public roads.

2. ———: DEDICATION: PRESCRIPTION. Evidence of long continued use by the public tends to show the establishment of a road by dedication over the public domain. So also does the surveying, marking out, platting and improvement of a road by the public authorities.

3. **Evidence:** JUDGMENT. Evidence examined, and found to support the judgment.

APPEAL from the district court for Hamilton county. Tried below before SEDGWICK, J.   *Affirmed.*

*Hainer & Smith,* for appellant.

*J. M. Day, John A. Whitmore,* and *John J. Roach,* contra.

SULLIVAN, J.

The only controverted question in this case is whether there exists a highway across a quarter section of land occupied and claimed by the plaintiff, William H. Streeter, by virtue of an entry made by him in 1894, under the timber culture act. John Stalnaker, who is the overseer of road district No. 51, in Hamilton county, asserts the existence of a public way over the land, and asks that the plaintiff be enjoined from obstructing it. The court decided in favor of the defendant, and from a careful examination of the record we are well satisfied that the decision is warranted by the proof.

In 1877 the county board of Hamilton county, in compliance with a petition presented to it, appointed J. R. Thomas a special commissioner to inquire into the expediency of establishing a road leading to the wagon

bridge across the Platte river south of Central City. Mr. Thomas employed chainmen and an axeman and proceeded to survey, plat and mark out a road over the land now in controversy. His report was filed with the county clerk and was accepted by the county board. Afterwards, in the same year, culverts were built by the road overseer to make the road passable; and it has been traveled ever since to some extent by people going to Central City to trade or to Hoard's ranch with grain. "The road," in the language of one witness for the defendant, "has been traveled constantly, not all of the time by all of the people, but by a portion of the people all the time." It is doubtless true that the travel has diverged to some extent from the line of the road as located by Thomas, but we think the evidence quite sufficient to justify the conclusion that the deviation was not substantial. In order to show that the road was established by user it was not necessary to prove an exact adherence to the line of the survey at all points. It was enough to show that there was no permanent or material deflection. *City of Beatrice v. Black*, 28 Nebr., 263.

It is said that the public could not acquire an easement by user in the land in question because it belonged to the general government, which is not affected by the statute of limitations. As we understand counsel for defendant, they do not claim that the public acquired any rights by adverse occupancy of the disputed strip. Their contention is that the road was established by dedication and acceptance; and this view of the matter we think is correct. In 1866 congress passed an act declaring that "the right of way for the construction of highways over public lands not reserved for public uses, is hereby granted." U. S. Revised Statutes, sec. 2477. By this act the government consented that any of its lands not reserved for a public purpose might be taken and used for public roads. The statute was a standing offer of a free right of way over the public domain, and

as soon as it was accepted in an appropriate manner by the agents of the public, or the public itself, a highway was established. *McRose v. Bottyer,* 81 Cal., 122. What the Hamilton county authorities did was perhaps insufficient to show the establishment of a road under the general road law, but was enough, we think, to indicate an acceptance of the government's bounty, and that is all that was required to create an easement. *Vance v. Burlington & M. R. R. Co.,* 12 Nebr., 285; *St. Joseph & D. C. R. Co. v. Baldwin,* 103 U. S., 426; *United States v. Brooks,* 10 How. [U. S], 442.

In this case there was not only evidence of user, general and long continued, but also proof that the public authorities has assumed control over the road and had worked and improved a portion of it. Both facts were competent evidence tending to show an acceptance of a dedication. *Adams v. Iron Cliffs Co.,* 78 Mich., 271; *Witter v. Damitz,* 81 Wis., 385; *State v. Waterman,* 79 Ia., 360, *Waggeman v. Village of North Peoria,* 160 Ill., 277.

The judgment of the district court being supported by sufficient evidence is

AFFIRMED.