TOWN OF ROLLING, Respondent, vs. EMRICH, Appellant.

*April 21—May 10, 1904*

*Highway: User: Establishment over public lands: Acceptance.*

1. A logging road originally built on public land did not become a highway either by twenty years' adverse user under common-law principles or by ten years' use and working under sec. 1294, Stats. 1898, where the user was interrupted and the road blocked for months and even years at a time, and there was no expenditure of public funds thereon and no working thereof by highway officials.

2. Sec. 2477, R. S. of U. S., granting the "right of way for the construction of highways over public lands not reserved for public uses," became operative so as to establish a highway only upon acceptance thereof by the public; and the desultory use for a few months by a few persons of a logging road through the woods, with no act by the public authorities, did not constitute such an acceptance.

APPEAL from a judgment of the circuit court for Langlade county: JOHN GOODLAND, Circuit Judge. *Reversed.*

This is an action in equity, brought by a town to enjoin the defendant from obstructing an alleged highway across an eighty-acre tract of land owned by her. The complaint alleges the existence of a highway by prescription, also by ten years' use and expenditure of public moneys thereon. The answer denies the existence of any highway.

The evidence upon the trial showed that in the year 1879 one McCullough was living upon the eighty-acre tract of land in question, the same being then public land, and that in the fall of that year one Weyenberg and his brother, who lived upon the adjoining section to the east of the tract in question, cut out a road consisting of a single wagon track running in a zigzag direction through the eighty acres in question to haul logs upon, and that it was used by the Weyenbergs and several other settlers for hauling logs and other purposes, no objection being made by McCullough, who, it appears, used it as a footway; that on May 5, 1880, McCullough entered and paid for the tract of land in question, and received a duly executed register's receipt for such payment, and on the same day deeded the land to James Brennan; that from the last-named date up to October 16, 1899, it was occupied by Brennan up to the time of his decease, and after that by his widow and heirs; that the defendant acquired said land by purchase in the year 1900, and blocked up the supposed highway in 1901, after which this action was brought. The testimony was conclusive to the effect that the road was blocked up several times, while the Brennans owned it, for months at a time,

and there was some testimony to show that the blocking up was for years at a time. There was no evidence that the road was ever worked by the authorities, or any public money spent upon it.

The court found, among other things, that the road had been used by the public generally as and for a public highway since the fall of 1879, with but few interruptions, when the same had been blocked by the owners of said premises, and that it had been cleared out and made passable after having been blocked each time, and never had been abandoned. The court did not, however, conclude that the highway had been established by prescription, but that it became a highway as soon as constructed in 1879 by virtue of the provisions of sec. 2477 of the Revised Statutes of the United States, and thereupon entered judgment for the plaintiff as prayed in the complaint, and the defendant appeals.

For the appellant there was a brief by *Henry Hay,* attorney, a separate brief by *Hume & Kimball,* of counsel, and oral argument by *J. W. Hume.*

For the respondent there was a brief by *Foster & Morson,* and oral argument by *O. H. Foster.*

WINSLOW, J. There was no sufficient evidence in the case from which it could be found that the *locus in quo* had become a highway either by twenty years' adverse user under common-law principles (*Chippewa Falls v. Hopkins,* 109 Wis. 611, 85 N. W. 553), or by ten years' use and *working* under the statute (sec. 1294, Stats. 1898). The user had been interrupted for months and even years at a time, and there was no proof of any expenditure of public funds thereon or of any working of the same by highway officials.

The question simply is, therefore, whether the evidence proved a highway by virtue of sec. 2477, R. S. of U. S. That section (first passed in 1866) provides that "the right of way for the construction of highways over public lands not re-

·served for public uses is hereby granted." This act is very
·general in its terms, but its meaning is not doubtful. It is
doubtless a present grant of a right of way over public lands,
but it does not become operative until accepted by the public.
As said in *Streeter v. Stallnaker,* 61 Neb. 205, 85 N. W. 47:

"The statute was a standing offer of a free right of way
·over the public domain, and as soon as it was accepted in an
appropriate manner by the agents of the public or the public
·itself a highway was established."

This seems to us a very fair and reasonable construction of
·the law. Mere fugitive trespasses by private persons over
·public lands, even though continued for a considerable time,
·do not meet the requirement. It has been held that it may
be accepted by the state by passage of a general law (*Wells v.
Pennington,* 2 S. Dak. 1, 48 N. W. 305); also by county au-
thorities by surveying, platting, and marking out a road,
though such acts were insufficient to constitute a laying out of
·a road under the general road law (*Streeter v. Stallnaker,
·supra*); also by more than twenty years' adverse use by the
·public generally (*McRose v. Bottyer,* 81 Cal. 122, 22 Pac.
·393). It has never been held, however, that a few months'
·desultory use by a few persons of a logging road or trail
·through the woods, with no acts by the public authorities of
·any kind, would constitute an acceptance of the offer made by
·the government.

*By the Court.*—Judgment reversed, and action remanded
with direction to dismiss the complaint.