CITY OF BUTTE, RESPONDENT, *v.* MIKOSOWITZ, APPELLANT.

(No. 2,671.)

(Submitted June 16, 1909. Decided June 28, 1909.)

[102 Pac. 593.]

*Ejectment—Cities and Towns—Streets—Establishment—Public Lands—Grants for Highways—Construction—Complaint— Sufficiency—Estoppel—Instructions — General Verdict — Effect.*

Ejectment—Complaint—Sufficiency.
1. A complaint in ejectment by a city to recover possession of a strip of ground alleged to be a public street, which stated that the city was the owner of an easement in the property described, for street and highway purposes, that it was entitled to the immediate possession of the ground, and that defendant had taken possession of and was wrongfully withholding it, was sufficient.

Cities and Towns—Public Lands—Highways—How Established—Prescription.
2. Section 2477, U. S. Rev. Stats., grants a right of way for the construction of highways over public lands, but does not specify the method by which the roadway is to be established. *Held,* that any acts by which the public might acquire a public roadway over private property, other than by purchase, were sufficient to constitute an acceptance of the grant, and that therefore evidence that a city had used a strip of ground for twelve or thirteen years as a public roadway under such a grant was ample to establish a road by prescription.

Same—Public Lands—Grants—Relation Back.
3. An acceptance of a grant of public land for highway purposes, under section 2477, U. S. Rev. Stats., relates back to the date of the grant or dedication, and one taking such land after acceptance by a municipality, does so subject to the rights which the public has acquired.

Same—Streets—Building Permits—Estoppel.

4. Where a city had acquired an easement in public land for street purposes prior to the taking of such land by defendant, it could not be estopped to assert its right by the acts of its building inspector in issuing building permits to defendant, relying on which he claimed to have made valuable improvements on the land, and evidence to that effect was properly excluded.

Estoppel—Pleading—Evidence—Admissibility.

5. Unless an estoppel is properly pleaded, evidence of acts constituting it is inadmissible.

Same—Availability of Defense Against Public.

6. *Quaere:* Is the defense of estoppel available as against the public or a municipality?

Cities and Towns—Streets—Width.

7. The court in awarding plaintiff city a strip of ground sixty feet in width, instead of confining the width to the beaten path, did not err, since the word "highways," as used by Congress in section 2477, must be construed in accordance with recognized local laws, customs and usages, and since section 1339, Revised Codes, provides that they must be sixty feet wide, unless otherwise ordered by the officers having control or supervision over them.

Same—Public Lands—Grants for Highways—Evidence of Use.

8. The grant of public land for highway purposes, made by Congress in section 2477, U. S. Rev. Stats., is to the public as a continuing body; therefore, as soon as territory over which a highway had been established under the grant became part of an incorporated city, the latter took the place of the county as the trustee of the public in supervising and controlling it, and the court did not err in admitting evidence of the use made of the strip of ground mentioned in the above paragraphs, prior to the time the land was first included within the city limits.

Same—Instructions—Assumption of Fact—Harmless Error.

9. Though an instruction that both plaintiff and defendant derived title to the ground in controversy between the city and defendant, from the government, was erroneous as an assumption of fact in dispute, the error was harmless where in subsequent portions of the charge the jury was given to understand that both parties "claimed" title from the same source.

Same—General Verdict—Effect.

10. Defendant not having submitted any special interrogatories upon the question whether the city's right of action was barred by the statute of limitations, he was bound by the general verdict in plaintiff's favor upon all the issues.

*Appeal from District Court, Silver Bow County; Geo. M. Bourquin, Judge.*

ACTION by the City of Butte against Joseph Mikosowitz. Judgment for plaintiff, and defendant appeals. Affirmed.

*Mr. John J. McHatton,* for Appellant.

It will be claimed by the plaintiff that it has a right of way by prescription, under the statutes of the United States, but

that character of a claim is not pleaded in the complaint. Even if it was permitted to introduce evidence in support of that claim, the evidence is insufficient to establish its right as claimed, for that character of a right cannot be claimed over land situated as this was, and passed over by the people in all directions as well as the surrounding land being so passed over. (*Coburn* v. *San Mateo Co.*, 75 Fed. 532; *Warren* v. *President etc. of Jacksonville*, 15 Ill. 236, 58 Am. Dec. 610; *State* v. *Horn,* 35 Kan. 717, 12 Pac. 148; *Bushy Mound, Town of,* v. *McClintock,* 150 Ill. 133, 36 N. E. 976; *Rose* v. *City of Farmington,* 196 Ill. 226, 63 N. E. 631; *Engle* v. *Hunt,* 50 Neb. 358, 69 N. W. 970; *Gulf Ry. Co.* v. *Montgomery,* 85 Tex. 64, 19 S. W. 1015.)

The court erred in overruling the defendant's motion to dismiss the action. In this nature of an action the delay was such as to be fatal to the plaintiff. The defendant was under no obligation to take any step in the matter. (*Mowry* v. *Weisenborn,* 137 Cal. 110, 69 Pac. 971; see, also, *People* v. *Jefferds,* 126 Cal. 296, 58 Pac. 704; 14 Cyc. 443-445, and cases cited in notes, 96 et seq.)

It has been held that an action in ejectment will not lie for the possession of what is claimed by the plaintiff. (*Wood* v. *Truckee Turnpike Co.*, 24 Cal. 474.)

*Mr. E. S. Booth, Mr. W. E. Carroll,* and *Mr. E. M. Lamb,* for Respondent.

Upon the question of the right of the city to maintain ejectment, see 10 Am. & Eng. Ency. of Law, 2d ed., 475; 15 Cyc. 27; *San Francisco* v. *Grote,* 120 Cal. 59, 65 Am. St. Rep. 155, 52 Pac. 127, 41 L. R. A. 335; *Ocean Grove C. M. C.* v. *Berthall,* 63 N. J. L. 312, 43 Atl. 887; *Cleveland* v. *Cleveland R. Co.*, 93 Fed. 113; *St. Louis* v. *Missouri Pac. Ry. Co.*, 114 Mo. 13, 21 S. W. 202; *South Amboy* v. *New York Ry. Co.*, 66 N. J. L. 623, 50 Atl. 368; Elliott on Roads and Streets, 2d ed., p. 456. "Where the public have acquired the right to a public highway by user, they are not limited in width to the actual beaten path. The right carries with it such width as is reasonably necessary for

the public easement of travel and the width must be determined from the facts and circumstances peculiar to each case.'' (*Grossbach* v. *Brown,* 72 Wis. 458, 40 N. W. 494; *Whiteside* v. *Green,* 13 Utah, 341, 57 Am. St. Rep. 740, 44 Pac. 1032; citing *Burrows* v. *Guest,* 5 Utah, 91, 12 Pac. 847.)

It is an established maxim, ''Once a highway always a highway,'' for the public cannot release their right and there is no extinctive permission or prescription. Even forty years nonuser has been held insufficient to devest the public of the right to open and use the nonused portion of a public street whenever the exigencies of travel required it. (*London* v. *Oakland,* 90 Fed. 691, 33 C. C. A. 237; Elliott on Roads and Streets, 2d ed., p. 970.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

This is an action in the nature of ejectment, by the city of Butte against Joseph Mikosowitz, to regain possession of a strip of ground alleged to be a public street. The defendant, in effect, denies that the ground is, or ever was, a public street or highway, or that the city owns an easement over the land for street purposes. By way of an affirmative defense the defendant alleges that he is the owner, in possession, and entitled to the possession, of the Lucky Boy quartz lode mining claim, a portion of which is claimed by the city for street purposes; that the plaintiff has heretofore at all times admitted and acknowledged defendant's ownership and right of possession; that in order to erect buildings within the city limits, it is necessary to secure from the city authorities building permits; that the city has granted to the defendant building permits under which he has erected four dwelling-houses upon the premises in dispute; that such buildings were erected with the full knowledge and consent of the city and its officers; that such buildings are of a permanent character, and are occupied by the defendant and his tenants; and by reason of these facts the city is, and of right ought to be, estopped from asserting any claim whatever

to the disputed ground. These affirmative allegations were put in issue by reply. The jury returned a special finding and a general verdict in favor of the city, and judgment was entered thereon, from which judgment and an order denying him a new trial, the defendant appeals.

Appellant's brief contains sixty-seven specifications of error, but to consider each separately would extend this opinion beyond any reasonable bounds. Many of the specifications relate to the reception and rejection of evidence; and, with the exceptions hereafter noted, these may be disposed of by saying that, after a careful consideration, we have reached the conclusion that the court did not err in any of its rulings with relation thereto.

The complaint alleges that the city is the owner of an easement for street and highway purposes; describes it; asserts that the city is entitled to the immediate possession of the ground; and that the defendant has taken possession of and wrongfully withholds the same. These allegations are sufficient. (*Billings* v. *Sanderson*, 8 Mont. 201, 19 Pac. 307; *Payne* v. *Treadwell*, 16 Cal. 221; 7 Ency. of Pl. & Pr. 336.)

The ground in controversy is claimed by the city as a part of Jackson street. Prior to 1888 this strip of ground was parallel with, and immediately adjoining, the western limits of the original townsite of Butte, and was a part of a considerable area of open public land of the United States. The city relies upon the congressional grant or dedication contained in section 2477, United States Revised Statutes (Act July 26, 1866, Chap. 262, sec. 8, 14 Stats. 253 [U. S. Comp. Stats. 1901, p. 1567]), which provides: "The right of way for the construction of highways over public lands, not reserved for public uses, is hereby granted." This Act was approved July 26, 1866. It is contended by the city that the public accepted this grant or dedication, so far as the same is applicable to the strip of ground in dispute, by using the ground as a public roadway from 1883 or 1884 continuously, until 1895 or 1896, when such use was interrupted by the acts of the defendant and his predecessors in interest. We think the evidence offered on behalf of the city,

touching the character and extent of the use made of the disputed ground, was ample to go to the jury. In answer to a special interrogatory the jury found that the strip had been used by the public generally as a roadway for five years or more, prior to July 1, 1895. The evidence was sufficient to establish a road by prescription, if the land over which it passed had been the subject of private ownership. The purpose of the congressional grant or dedication is to enable the public to acquire a roadway over public lands. The method by which the roadway is to be established is not specified; and it must be held, therefore, that the Congress intended that any acts by which the public might acquire a public roadway over private property, other than by purchase, would be sufficient to constitute an acceptance of this grant or dedication. It is then a rule, recognized by the land department and by the supreme court of the United States, that whenever a grant or dedication is accepted, such acceptance relates back to the date of the grant or dedication, and anyone who takes the land after the acceptance of the donation does so subject to the right which the public has acquired. These principles are well established. A few of the leading authorities only need be cited: *Wallowa County* v. *Wade*, 43 Or. 253, 72 Pac. 793; *Smith* v. *Mitchell*, 21 Wash. 536, 75 Am. St. Rep. 858, 58 Pac. 667; *Wells* v. *Pennington County*, 2 S. D. 1, 39 Am. St. Rep. 758, 48 N. W. 305; *McRose* v. *Bottyer*, 81 Cal. 122, 22 Pac. 393; *Streeter* v. *Stalnaker*, 61 Neb. 205, 85 N. W. 47.

The court first admitted, and then withdrew from the consideration of the jury, certain building permits issued by the building inspector of Butte to the defendant and his agents, by virtue of which, it is contended by defendant, he made valuable improvements on the disputed strip of ground. We think the ruling of the court correct. If the city had acquired an easement for public street purposes prior to 1895, its right could not thereafter be prejudiced by the act of a subordinate city officer, even if he had attempted to do so. But in these several instances we observe that the building inspector very carefully guarded the city's interests, and at the same time put the de-

fendant on notice of the city's claim; for in permits A, B, and E, respectively, the permission granted is to erect a building on the Lucky Boy lode claim, "facing Jackson street." According to the defendant's contention, there never has been any Jackson street, or other street, at that particular locality, while the claim of the city has been that Jackson street passes over this ground designated as the Lucky Boy lode claim. So that, if these permits had been retained in evidence, they could have served no other purpose than to prejudice defendant's claim. The permission was given to erect buildings facing Jackson street, not to erect buildings in Jackson street. Each of the other two permits refers to a building facing on Porphyry street, and neither one appears to have any evidentiary value in this case in any event.

Upon the trial the defendant offered in evidence the records of a former action commenced by the city against this defendant, also an agreement between the city and the predecessors in interest of the defendant under which a sewer was constructed by the city, and finally offered to prove that the city has assessed to, and collected taxes from, the defendant on the very ground in dispute. These offers were refused. In his brief counsel for appellant says: "We cannot conceive of a situation where the city, by its ordinance and its complaint filed in court, admits the ownership of the defendant, where it obtained for a consideration permission to put a sewer through the property, * * * and where it assessed and collected taxes from the premises, that it is not estopped by such conduct." Whatever merit there might be in this argument under different circumstances, there is not any here. One of the defenses relied upon was estoppel, but the only act pleaded by way of estoppel was the issuance of the building permits. There is not anything said in the pleadings about the former action, or the payment of taxes, or the sewer contract, and all this evidence was properly excluded as without the issues made by the pleadings. This was not a case wherein the defendant did not have an opportunity to plead the estoppel, or wherein the facts constituting the estoppel were not known to him until the trial, or in which the

city had pleaded the facts, or had offered evidence upon the subject. Therefore the rule is settled beyond controversy that, in order to introduce evidence of acts constituting an estoppel, there must be a sufficient pleading. (*Eisenhauer* v. *Quinn,* 36 Mont. 368, 122 Am. St. Rep. 370, 93 Pac. 38, 14 L. R. A., n. s., 435; *Capital Lumber Co.* v. *Barth,* 33 Mont. 94, 81 Pac. 994.) We have proceeded thus far upon the assumption that the defense of estoppel, if properly pleaded, would be available as against the public or a municipality. There is, however, some question as to this (Elliott on Roads and Streets, 2d ed., sec. 884) ; but it is not necessary to pursue the inquiry further here.

Complaint is made that the judgment awarded the city a strip of ground sixty feet in width, and does not confine it to the beaten track or path. But we do not think there is any merit in this contention. In using the term "highway" the Congress must have intended such a highway as is recognized by the local laws, customs, and usages; and, since in this state public highways generally are sixty feet in width (Rev. Codes, sec. 1339), the court did not err in its judgment in this respect (*Burrows* v. *Guest,* 5 Utah, 91, 12 Pac. 847).

It is also contended that the court erred in admitting evidence of the use made of the strip of ground by the public prior to 1888, when this territory was first included within the city limits. This argument proceeds upon the assumption that, if a roadway was established prior to that date, it was a county road, as distinguished from a street. But, assuming this to be the fact, the conclusion which defendant draws is not warranted. The grant or dedication by the Congress is to the public, and the public is one continuing body. So long as the roadway remained a rural one, the county had supervision and control thereof as trustee for the public; but, as soon as the territory over which the road runs came within the limits of the incorporated city, the city then became the trustee of the same public in supervising and controlling the highway.

In instruction No. 3 the court told the jury that both plaintiff and defendant derived title to the ground in dispute from the government. The court might more properly have said,

"each party claims title from the government"; but, since the court so thoroughly explained its meaning in subsequent portions of the instructions, it appears to us impossible that defendant could have been prejudiced by this apparent assumption of a fact which was in dispute.

It is also contended that the city's right of action, if any it has had, is barred by the statute of limitations. There is some conflict in the evidence as to when the public travel was interrupted, whether before or after July 1, 1895, the date when the Codes became effective. Prior to that date the period of the statute was five years; since that time it is ten years. If the interruption did not occur until after July 1, 1895, then this action was commenced in time. The general verdict is a finding in favor of the city upon all the issues, including this one; and, since the defendant did not submit any special interrogatories bearing upon this subject, he must be bound by the general finding against him.

We do not think the other specifications require notice in detail. The conclusion we have reached appears to us to effectuate substantial justice between these parties. If the defendant in good faith procured the Lucky Boy lode claim under the mineral laws, he did so presumptively for the value of the minerals contained beneath the surface, and there does not appear to be any reason why he may not prosecute the mining operations without interference with the plaintiff's right to use the street. If, however, he procured this ground under the pretense that it was mineral land, merely to occupy the surface for building purposes, then he is not entitled to any consideration.

There does not appear to us to be any substantial error in the record. The judgment and order are affirmed.

*Affirmed.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SMITH concur.