MOULTON ET AL., RESPONDENTS, *v.* IRISH ET AL., APPELLANTS.

(No. 5,282.)

(Submitted May 22, 1923. Decided June 15, 1923.)

[218 Pac. 1053.]

*Injunction — Highways — Prescription — Evidence — Insufficiency—Findings—Error—Waiver.*

Appeal—Findings—Waiver of Error.
   1. Error in making findings alleged to have been based on evidence received outside the record is waived by failure to specify which of the findings is referred to and by failure of the record to show that exception was taken in the trial court.

Highways—By Prescription.—Evidence—Insufficiency.
   2. Evidence *held* insufficient to warrant a decree that a road was a public highway created by use or prescription prior to July 1, 1895.

Same—Over Public Lands—How Right of Way Becomes Operative.
   3. A right of way over public lands granted by section 2477, United States Revised Statutes, for the construction of highways does not become operative until accepted by the public by constructing a public highway according to the provisions of the laws of the state in which the lands are located.

Same—By Prescription—Showing Required.
   4. Where it is sought to establish a public road over the lands of another by prescription, the evidence must be convincing that the public have pursued a definite, fixed course, continuously and uninterruptedly, coupled with an assumption of control and right of use adversely under claim or color of right for the statutory period.

Same—What Insufficient to Show Establishment of Road According to Law.
   5. That a county had constructed a road to connect with one claimed by use or prescription, which latter had been used by few persons for hauling timber from the mountains where it ended and which did not lead to any town, postoffice or home and was not kept in repair by the county, and the further fact that its closing would result in the closing of other roads in that vicinity, were not of sufficient evidentiary value to authorize a holding that the road had been established according to law.

*Appeal from District Court, Fergus County; Rudolf Von Tobel, Judge.*

ACTION by B. F. Moulton and others against Karl F. Irish and another. From a judgment in favor of plaintiffs, defendants appeal. Reversed and remanded.

*Mr. Ralph J. Anderson,* for Appellants, submitted an original and a supplemental brief; *Mr. Edward R. Baird,* of Counsel, argued the cause orally.

*Mr. Wellington D. Rankin,* Attorney General, submitted a brief; *Mr. Frank Woody,* Assistant Attorney General, argued the cause orally.

MR. COMMISSIONER ROSE prepared the opinion for the court.

In July, 1922, the plaintiffs, as the board of county commissioners of Fergus county, instituted this action to enjoin the defendants from closing an alleged public highway over certain lands owned by or under the control of the defendants. A temporary restraining order was issued, together with an order to show cause. Thereafter the trial court sitting without a jury, after a hearing on the merits, and viewing the premises, perpetually enjoined the defendants from obstructing the road described. The complaint discloses that plaintiffs base their right to the relief sought upon the ground that for more than ten years prior to July 1, 1895, a public highway existed and was maintained over and across the defendants' lands and that during said period of time the same was used continuously by the public until obstructed by the defendants. It is further alleged that the use thereof is necessary to the public and that timber cannot be conveyed from the mountains at the head of said road unless the obstructions are removed. The answer admits the obstructing of the land by the use of locked gates, denies the material allegations of the complaint, and alleges that the defendant Irish has owned the lands described for more than fifteen years and that during said time the same were inclosed by fence, and that no highway, either private or public, was ever established or maintained across said lands. The defendants' motion for a new trial was denied. This appeal is from the judgment.

There are four assignments of error, three of which question [1] the sufficiency of the evidence to support the judgment. That the trial court erred in making findings based on evidence received outside the record is assigned as error, but appellants fail to specify which particular finding is based on such evidence and it does not appear that exceptions were made in the court below to such alleged defective findings, so that this specification will not be considered, being deemed waived by the appellants. This leaves, then, but one question properly presented to this court for determination: Was the evidence sufficient to warrant the trial court in holding that the road in question was a public highway created by use or prescription prior to July 1, 1895, and traveled or used by the public on said date?

The record discloses that the road involved in this action [2] passes through a valley known as Timber Creek. On behalf of plaintiffs, the evidence introduced tends to establish the following: W. A. Hedges testified that he first visited Timber Creek Valley November 6, 1881, with a sheep outfit and that he traveled by foot, at which time there was a trail there used by two ranchers and that its use increased materially from 1881 to 1906. He was unable to testify, however, whether or not the road touched or passed over the land described in the complaint.

The witness Neill first arrived on Timber Creek in May, 1883, at which time there was a road or trail along the creek and he was employed to haul poles for use in the spring roundup of cattle, and in 1886 herded cattle in the vicinity, since which time the use of the road has increased. After 1887, the country being open, he did not have occasion to go over the trail very often, perhaps ''once a year, twice a year, three times, not over that; maybe some years not at all,'' and that there is little change in the road where there is no fence, but that it has changed some. Manifestly this is not sufficient proof to establish the construction of a public highway and that it was used as such on July 1, 1895.

A portion of the land described over which the road passed [3] was entered November 14, 1902, by Alonzo E. Irish as a desert entry and patented July 29, 1907. The remaining portion was entered as a desert entry by Kate E. Irish August 30, 1907, and patented in July, 1912. Prior to the time of these appropriations this land was all a part of the public domain and highways over the same were required to be created or established pursuant to the provisions of section 2477, Rev. Stats. U. S., 8 Fed. Stats. Ann., page 785, which reads as follows: "The right of way for the construction of highways over public lands not reserved for public uses is hereby granted." This Act merely grants a right of way for highways and does not become operative until accepted by the public by *constructing* a public highway according to the provisions of the laws of the particular state in which the lands are located. (*State ex rel. Dansie* v. *Nolan,* 58 Mont. 167, 191 Pac. 150; *Streeter* v. *Stalmaker,* 61 Neb. 201, 85 N. W. 47; *Town of Rolling* v. *Emrich,* 122 Wis. 134, 99 N. W. 464.)

In the instant case it is conceded by respondents that if the road in question ever became a public highway it was created by use or prescription only, and in determining this question it is necessary to examine our Code sections applicable. Section 1612, Revised Codes of 1921, was originally enacted in 1895, as section 2600, Political Code of 1895, and read as follows: "All highways, roads, streets, alleys, courts, places and bridges laid out or erected by the public or now traveled or used by the public or if laid out or erected by others, dedicated or abandoned to the public or made such by the partition of real property are public highways."

In the case of *State ex rel. Dansie* v. *Nolan, supra,* this court construed the foregoing section, the opinion reciting: "Prior to July 1, 1895, a public highway could have been established either by the act of the proper authorities, as provided by the statute, or by use by the public, for the period of the statute of limitations as to lands, of the exact route confined to the statutory width of a highway, later claimed to

be a public highway, or by the opening and dedication of a road by an individual owner of the land, or on a partition of real property.  On that date it was declared by section 1340 that thereafter no route of travel used by one or more persons over the lands of another should become a public highway, except in the manner provided in the statute.''

Section 1340, above referred to, was originally enacted as section 2603, Political Code of 1895, and provided: "A highway laid out and worked, and used as provided in this chapter must not be vacated or cease to be a highway until so ordered by the board of county commissioners of the county in which said road may be located; and no route of travel used by one or more persons over another's land shall hereafter become a public road or byway (highway?) by use, or until so declared by the board of county commissioners, or by dedication by the owner of the land affected.''

The instant case was tried and determined upon the theory that the use of the road involved herein should date back to July 1, 1890, in order to meet the requirements of the statute fixing the period for acquiring title by prescription, which was five years prior to the enactment of section 1612, *supra,* as though the land over which the road passed was the subject [4] of private ownership.  The foregoing principle was announced by this court in the case of *Violet* v. *Martin,* 62 Mont. 335, 205 Pac. 221, wherein the court said: "To arrive at a conclusion that a way over the lands of another is a public road, the evidence must be convincing that the public have pursued a definite, fixed course, continuously and uninterruptedly, and coupled it with an assumption of control and right of use adversely under claim or color of right, and not merely by the owner's permission, over it for the statutory period (five years before the adoption of the 1893 [1895] Code and ten years since), without which prescriptive rights cannot attach.''

The record before us fails to disclose any competent evidence tending to show that the road was established, created or constructed five years or more prior to July 1, 1895, or at

any other time, or that it was traveled or used by the public July 1, 1895, the date when section 1612, *supra,* became effective, and we are of the opinion that the weight of the evidence is decidedly against the conclusions reached by the trial court. The finding that "for more than five years prior to the first day of July, 1895, there has existed and been maintained in the said county of Fergus, a certain public highway passing through the valley of what is known as 'Timber Creek,' * * * and in particular across the east half of the northeast quarter (E. ½ NE. ¼) of section nineteen (19) and the east half of the southeast quarter (E. ½ SE. ¼) of section eighteen (18) in said township and range; that the said public highway has been for more than five years prior to July 1st; 1895, until the summer of 1922, used continuously by the public," is not supported by the evidence. Probably one of the most essential elements necessary to constitute a public highway by prescription is to fix a definite date at which the statute begins to run. This burden was assumed by plaintiffs but the testimony adduced left the court no basis for a finding on this point. The facts testified to by plaintiffs' [5] witnesses did not tend to establish the construction of a road or its continuous use by the public over a definite and fixed course, and this lack of proof was not cured by witnesses for the defense, by a view of the premises at the time of trial, nor by conclusions of the witnesses that the use of the road had increased. The road was used by a few persons for hauling timber from the mountains where it ended. It did not lead to any town, settlement, postoffice or home, nor does the evidence show that the county had kept the road in repair or expended any money upon it. The fact that Wheatland county has constructed a road at great expense to connect with this one or that a road is now necessary or that a reversal of this case will result in closing other roads in that vicinity is not of sufficient evidentiary value to authorize us to hold that the road was established according to law. The right of eminent domain may always be exercised and a right of way condemned for a public highway if it is necessary. To

appropriate the land over which the road now passes for a public highway would be to deprive the defendants of rights guaranteed them by Article III, section 14, of the Constitution.

We do not wish to be understood as holding that the continuous use of a road by the public for five years prior to July 1, 1895, was necessary to establish a public highway over unappropriated public lands in order to meet the requirements of the statute. (*Murray* v. *City of Butte,* 7 Mont. 61, 14 Pac. 656; *Hughes* v. *Veal,* 84 Kan. 534, 114 Pac. 1081.)

In the case of *State* v. *Auchard,* 22 Mont. 14, 55 Pac. 361, in construing section 1612, *supra,* this court said that this section "must, in so far as applicable here, be interpreted as a remedial statute, curing irregularities, but not supplying jurisdiction, where none was acquired in the creation of the roads," *etc.* (See, also, *City of Butte* v. *Mikosowitz,* 39 Mont. 350, 102 Pac. 593; *Bernard Realty Co.* v. *City of Butte,* 55 Mont. 384, 177 Pac. 402; *Vogler* v. *Anderson,* 46 Wash. 202, 123 Am. St. Rep. 932, 9 L. R. A. (n. s.) 1223, 89 Pac. 551; *Town of Rolling* v. *Emrich, supra.*)

We have carefully reviewed all questions of fact arising upon the evidence presented in the record and have determined the same, as well as questions of law. (Sec. 8805, Rev. Codes 1921.) No good cause appears for granting a new trial or ordering the taking of further evidence in the court below. We are therefore of the opinion that the evidence preponderates most strongly against the findings of the trial court and that they must be set aside. (*Sanger* v. *Huguenel,* 65 Mont. 236, 211 Pac. 349.)

We recommend that the judgment be reversed and the district court directed to find for the defendants and render a decree accordingly.

PER CURIAM: For the reasons given in the foregoing opinion the judgment appealed from is reversed and the cause remanded to the district court, with directions to find for the defendants and render a decree accordingly.