## UNITED STATES v. PRUDEN et ux.

### No. 3733.

United States Court of Appeals
Tenth Circuit.

Jan. 24, 1949.

504

Elizabeth Dudley, of Washington, D. C. (A. Devitt Vanech, Asst. Atty. Gen., Robert E. Shelton, U. S. Atty., of Oklahoma City, Okl., Roger P. Marquis and S. Billingsley Hill, Jr., both of Washington, D. C., on the brief), for appellant.

J. I. Gibson of Oklahoma City, Okl. (Ryan Kerr of Attus, Okl., and Savage, Gibson & Benefield, of Oklahoma City, Okl., on the brief), for appellees.

Chas. H. Garnett, of Oklahoma City, Okl., amicus curiae.

Before BRATTON, HUXMAN and MURRAH; Circuit Judges.

BRATTON, Circuit Judge.

The question presented on this appeal is whether the United States has an easement or right-of-way for the construction of an irrigation ditch across a tract of land in Jackson County, Oklahoma. The land was part of the school lands granted to Oklahoma by the Enabling Act, approved June 16, 1906, 34 Stat. 267. In 1916, the Commissioners of the Land Office of Oklahoma sold the land to John S. Wood, and a certificate of purchase was issued to him. In 1920, Wood and wife assigned the certificate to W. F. Newcomb and wife. And in 1934, a patent was issued conveying the land to Newcomb and wife. Neither the certificate of sale nor the patent contained any reservation in the nature of an easement or right-of-way for irrigation ditches or otherwise. Floyd E. Pruden and wife Myrtle E. Pruden, subsequently acquired title to the land. Pursuant to Congressional authority, the Secretary of the Interior took the requisite preliminary steps for the construction of a reclamation and flood control project known as the Lugert-Altus Irrigation District. According to the plans of the project one of the principal ditches was to be located across the land belonging to Floyd E. Pruden and Myrtle Pruden. The United States awarded a contract for the construction of the project, including the ditch across such tract. When the contractor reached the tract, the right of the United States to a right-of-way across the land for the construction and operation of the ditch was challenged. The United States then instituted this action against Floyd E. Pruden, Myrtle E. Pruden, and the holders of mortgage liens upon the land, seeking a declaratory judgment that under the law of Oklahoma the United States has a right-of-way for the irrigation ditch across the land, and enjoining the defendants from interfering with the construction and operation of the ditch. The court dismissed the action, and the United States appealed.

In 1905, the Legislative Assembly for the Territory of Oklahoma passed Chapter XXI, Session Laws of 1905, relating to irrigation. Section 46 of the Act expressly granted over all lands then or thereafter belonging to or controlled by the Territory a right-of-way for ditches, tunnels, and telephone and transmission lines, constructed by authority of the United States, and it provided that all conveyances

of Territorial lands thereafter made should contain a reservation of such right-of-way. The land involved in this action did not then or thereafter belong to the Territory of Oklahoma. It belonged to the United States and was granted directly to the State of Oklahoma under the Enabling Act. Since the Territory of Oklahoma never did have title to the land, section 46, supra, did not vest in the United States the right to a right-of-way across the land for the construction and operation of a ditch for irrigation purposes. Rice v. Railroad Co., 1 Black 358, 66 U.S. 358, 17 L.Ed. 147.

In language identical with that contained in section 46, Session Laws of 1905, supra, except in referring to the State rather than the Territory, section 3680, Revised Laws of Oklahoma 1910, provided that there was granted over all lands belonging to or controlled by the State a right-of-way for ditches, tunnels, and telephone and transmission lines, constructed by authority of the United States, and that all conveyances of State lands subsequently made should contain a reservation of such right-of-way. That provision later became section 7084, Compiled Statutes of Oklahoma 1921, section 13101 Oklahoma Statutes 1931, and section 92, Title 82, Oklahoma Statutes 1941. The Revised Statutes of 1910 became effective in 1913, and therefore section 3680 was in force at the time the State sold the land in question in 1916. It is the contention of the United States that section 3680 constituted a grant in praesenti of an easement across all lands then owned by the State for ditches for irrigation purposes, and that the State's subsequent sale of the land involved in this suit was made subject to that right. In the absence of adjudicated cases construing section 3680, we must draw on other sources for aid in our effort to determine the effect of the statute in a case of this kind. Section 2477 of the Revised Statutes of the United States 43 U.S.C.A. § 932, provides that rights-of-way are granted for the construction of highways over public lands, not reserved for public uses. Insofar as constituting a grant in praesenti of an easement is concerned, that statute is quite similar in substance to section 3680 of the statute of Oklahoma. The federal

statute has been the subject of judicial consideration, and it has been repeatedly held that it amounts to a grant or dedication; that the grant or dedication remains in abeyance until it is accepted by an act of the legislature of the state or until a highway is established in a manner recognized by the law of the state; that when the dedication is accepted in one of those methods the public acquires an easement effective from that time; that one acquiring legal or equitable title from the United States after acceptance of the grant or dedication takes subject to the easement; and that where one acquires from the United States legal or equitable title prior to an effective acceptance of the grant or dedication, he and his successors in interest do not hold subject to an easement for the subsequent establishment of a highway. Streeter v. Stalnaker, 61 Neb. 205, 85 N.W. 47; Town of Rolling v. Emrich, 122 Wis. 134, 99 N.W. 464; McRose v. Bottyer, 81 Cal. 122, 22 P. 393; Tholl v. Koles, 65 Kan. 802, 70 P. 881; Molyneux v. Grimes, 78 Kan. 830, 98 P. 278; Hughes v. Veal, 84 Kan. 534, 114 P. 1081; Walowa County v. Wade, 43 Or. 253, 72 P. 793; McAllister v. Okanogan County, 51 Wash. 647, 100 P. 146, 24 L.R.A.,N.S., 764; Stofferan v. Okanogan County, 76 Wash. 265, 136 P. 484; Sprague v. Stead, 56 Colo. 538, 139 P. 544; Hatch Bros. Co. v. Black, 25 Wyo. 109, 165 P. 518; Bishop v. Hawley, 33 Wyo. 271, 238 P. 284; Moulton v. Irish, 67 Mont. 504, 218 P. 1053; Lindsay Land & Live Stock Co. v. Churnos, 75 Utah 384, 285 P. 646; Jeremy v. Bertagnole, 101 Utah 1, 116 P.2d 420; Lovelace v. Hightower, 50 N.M. 50, 168 P.2d 864.

The Supreme Court of Oklahoma is in accord with that construction of section 2477 of the Revised Statutes of the United States. In Mills v. Glasscock, 26 Okl. 123, 110 P. 377, it was said in substance that the statute amounts to a grant or dedication which becomes effective upon its acceptance, and that it does not have any effect upon private rights or interests which intervened prior to such acceptance. And in the later case of St. Louis & San Francisco Railroad Co. v. Love, 29 Okl. 523, 118 P. 259, 260, the court used this language: "In

these contentions we are unable to concur, for the courts appear to have uniformly held that section 8 of the act of July 26, 1866 [43 U.S.C.A. § 932], supra, wherein Congress provided for a right of way over public lands for the construction of highways, amounted to an offer only on the part of the government of so much of the public lands as was necessary for the construction of highways, and hence, of course, did not in itself amount to a reservation in the grant which was made to this company of any land included within its right of way. The statute constituted a standing offer of a free right of way over the public domain which, as soon as accepted in some lawful manner by the agents of the public, or by the public itself, established a right to a highway; but prior thereto it simply amounted to a standing consent or offer on the part of the government that any of its lands, not reserved for the public purpose, might be taken and used for the people's highways."

■ Viewed in the light of the marked similarity between section 3680 of the Revised Laws of Oklahoma and section 2477 of the Revised Statutes of the United States in respect to the nature of the grant or dedication, and in the light of the unanimity with which the federal statute has been construed, particularly the construction placed upon it by the Supreme Court of Oklahoma, we think it is reasonably clear that the state statute did not constitute an absolute grant or dedication in præsenti of an easement or right-of-way across lands belonging to the State for the purpose of constructing and operating ditches for irrigation and flood control purposes; that instead it amounted to a grant or dedication which did not become effective until it was accepted by the United States either by an Act of Congress or by the construction of a ditch for such purposes; and that those acquiring such lands from the State prior to acceptance of the grant or dedication do not hold subject to the right of the United States to a right-of-way. Here, the grant has never been accepted by Act of Congress, and no steps were taken to construct or operate the ditch across the land until long after the State sold the land and long after the intervention of the rights and interests of those under whom Floyd E. Pruden and Myrtle Pruden hold. Therefore, Floyd E. Pruden and Myrtle Pruden do not own the land, and the mortgagees do not hold liens upon it, subject to a prior and paramount right of the United States under section 3680, supra, to an easement or right-of-way to construct and operate a ditch across it for irrigation and flood control purposes.

The United States relies strongly upon the case of Ide v. United States, 263 U.S. 497, 44 S.Ct. 182, 68 L.Ed. 407. There, Wyoming had a statute granting rights-of-way over all lands of the State for ditches "constructed by and under the authority of the United States" and providing that all conveyances by the State should contain a reservation for rights-of-way of that class. It was held that a purchaser of land from the State took subject to a right-of-way for the subsequent construction of ditches or canals for irrigation purposes. But in reaching that conclusion, the court placed emphasis upon the fact that the patents of the State lands contained a provision expressly reserving such a right-of-way. In speaking of the reserved right-of-way, the court said that "the defendants were apprised of this right by the patents which passed the tracts to them. In short, they received and hold the title subject to the exercise of that right." With perhaps a few isolated exceptions, all patents issued for school lands in Oklahoma did not contain any such reservation, and the patent conveying the land in question was silent in respect to a provision of that kind.

The judgment is affirmed.