## MILLS v. GLASSCOCK.

No. 1187. Opinion Filed April 19, 1909.

(110 Pac. 377.)

1. **HIGHWAYS—Grant of Public Land for Highways—Acceptance by State.** Section 10 of the Osage allotting act approved June 28, 1906 (Act June 28, 1906, c. 3572, 34 Stat. 545), providing that "public highways or roads, two rods in width, being one rod on each side of all section lines in the Osage Indian Reservation, may be established, without any compensation therefor, and section 6072 of Wilson's Rev. & Ann. St. 1903, providing that "all section lines * ∙· * shall be and are hereby declared to ∙be highways," and section 2 of article 16 of the Constitution of the state declaring that the state accepts all reservations and lands for public highways made under any grant, agreement, treaty or act of Congress, is an acceptance of this congressional grant, becoming operative without any additional legislation.

2. **HIGHWAYS—Obstruction—Removal.** The road supervisor having given 30 days' notice in writing to the owner of the property obstructing a public highway on the section lines within Osage county, formerly constituting the Osage Indian Reservation, in accordance with section 30, art. 1, c. 32, of Sess. Laws

1909, to remove the property obstructing such public highway, and the same not having been removed within the time specified in such notice, and such road supervisor having proceeded to remove such obstruction or nuisance, the occupant of such public highway will not be permitted to invoke the powers of equity to restrain such supervisor from removing such obstruction or nuisance.

(Syllabus by the Court.)

*Error from District Court, Osage County; John J. Shea, Judge.*

Action by W. A. Glasscock against W. P. Mills. Judgment for plaintiff, and defendant brings error. Reversed and remanded, with directions.

*L. F. Roberts,* County Atty., and *Palmer, Comstock & Hudson,* for plaintiff in error.—Citing: *Wells v. Pennington County* (S. D.) 48 N. W. 305; *Smith v. Pennington County* (S. D.) 48 N. W. 309; *Riverside Twp. v. Newton* (S. D.) 75 N. W. 899; *Tholl v. Koles,* 65 Kan. 802; *Streeter v. Stalnaker,* 61 Neb. 205; *Rolling v. Emrick* (Wis.) 99 N. W. 464; Joyce, Law of Nuisances, secs. 368, 370, 379, 380; Elliott on Roads and Streets (2d Ed.) secs. 660, 661.

*Boone, Leahy & MacDonald,* for defendant in error.

WILLIAMS, J. The defendant in error, as plaintiff, instituted this action in the district court of Osage county against the plaintiff in error, as defendant, to enjoin him as road supervisor from removing certain fences from section lines. The district judge being absent from the county, a temporary injunction was granted by the county judge. Thereafter, on agreed facts, the court making special finding and conclusions, the motion to dissolve the injunction was overruled and judgment rendered in favor of the plaintiff; the injunction being made permanent.

Section 10 of the act of Congress, approved June 28, 1906, providing for the allotment in severalty of the tribal lands of the Osage Indians in Oklahoma (Act June 28, 1906, 34 Stat. c. 3572, § 10, p. 545), provides:

"That public highways or roads, two rods in width, being one

rod on each side of all section lines, in the Osage Indian Reservation, may be established without any compensation therefor."

At the time said act was passed, section 6072 of Wilson's Rev. & Ann. St. 1903, as in force in said territory, provided:

"All section lines in this territory shall be, and are hereby declared to be, public highways. The said roads or highways shall be 66 feet wide; and shall be taken equally from each side of said section line. That all roads or highways hereafter laid out or opened upon half section lines shall be the width petitioned for by the petitioners of said road, which shall not be more than 60 feet nor less than 32 feet; Provided: That forest or fruit trees may be planted and grown on all roads more than 50 feet wide, to within 25 feet of the center of such highway."

This section was continued in force after the erection of the state by virtue of the terms of the Enabling Act (Act June 16, 1906, c. 3335, 34 Stat. 267 [U. S. Comp. St. Supp. 1909, p. 154]), and section 2 of the Schedule to the Constitution.

Section 2 of article 16 of the Constitution relating to highways, provides:

"The state of Oklahoma hereby accepts all reservations and lands for public highways made under any grant, agreement, treaty, or act of Congress: Provided, This section shall not be construed to prejudice the vested rights of any tribe, allottee, or other person to any such land."

Sections 6073 and 6080, inclusive, of Wilson's Rev. & Ann. St. Okla., 1903, provide for the establishing and maintenance by the local authorities of public roads.

The following questions are raised on this record: (1) Whether section 2, art. 16, of the Constitution of the state and section 10 of act of Congress and said section 6072 of Wilson's Statutes of Oklahoma Territory had the effect of establishing public highways or roads 33 feet in width on each side of all section lines in the Osage Indian Reservation, now constituting Osage county. (2) If an owner or occupant of any property located on such public highway or road does not remove same within 30 days after notice in writing by the road supervisor, as provided by section 30, art. 1, c. 32, Sess. Laws 1909, may such supervisor, for the pur-

pose of opening and improving such highway or road, proceed to remove such obstruction? (3) May such road supervisor, after having given such notice, whilst proceeding in good faith to remove fencing or other obstruction from such highways, be enjoined by a person who is in possession of the lands of the allottees and·maintaining such fences under subleases, neither the leases nor the subleases being approved by the Secretary of the Interior?

1. Section 2477, Rev.. St. U. S. (Act Cong. July 26, 1866, c. 262, § 8, 14 Stat. 253), provides:

"The right of way for the construction of highways over public lands, not reserved for public uses, is hereby granted."

Section 1189, Comp. Laws Dak. Ter., enacted prior to February 17, 1877, provides:

"All section lines shall be and are hereby declared public highways as far as practicable: Provided, That nothing in this article shall be so construed as to interfere with existing highways in the settled portions of the state.".

Section 1191 provides:

"The public highways along section lines, as declared by section 1594, shall be sixty-six feet wide and shall be taken equally from each side of said lines, unless changed as provided in the preceding section."

Said sections were continued in force in the state of South Dakota after its erection.

In *Wells v. Pennington County,* 2 S. D. 1, 48 N. W. 305, 39 Am. St. Rep. 758, section 2477 of Rev. St. U. S. *supra,* and sections 1189 and 1191 of the Compiled Laws of Dakota Territory, *supra,* were construed, it being held that section 2477 constituted a general grant or dedication, without reservation or exception, of the right of way for highway purposes, and that sections 1189 and 1191, *supra,* amounted to an acceptance of such congressional grant which became operative upon the day of its enactment.

In *Streeter v. Stalnaker,* 61 Neb. 205, 85 N. W. 47, it is said:

"By this act (U. S. Rev. St. § 2477) the government consented that any of its lands not reserved for a public purpose might be taken and used for public roads. The statute was a standing offer of a free right of way over the public domain, and as soon as

it was accepted in an appropriate manner by the agents of the public, or the public itself, a highway was established. *McRose v. Bottyer,* 81 Cal. 122 [22 Pac. 393]. What the Hamilton county authorities did was perhaps insufficient to show the establishment of a road under the general road law, but was enough, we think, to indicate an acceptance of the government's bounty, and that is all that was required to create an easement. * * *"

In *Tholl v. Koles,* 65 Kan. 802, 70 Pac. 881, it was said:

"The act of Congress, operating with a statute of the state declaring section lines in a county containing public lands to be highways, constituted a dedication and acceptance of public land for a highway, so that when it passed into private ownership it was taken subject to the easement."

See, also *Schwerdtle v. County of Placer,* 108 Cal. 589, 41 Pac. 448; *Town of Rolling v. Emrich,* 122 Wis. 134, 99 N. W. 464.

In *Tholl v. Koles, supra,* the Supreme Court of Kansas, referring to the cases of *Carbon C. & M. Co. v. Drake,* 26 Kan. 345, *Hughes v. Milligan,* 42 Kan. 396, 22 Pac. 313, and *State ex rel. v. Spencer,* 53 Kan. 655, 37 Pac. 174, as having been cited as authorities against the conclusions there reached, said:

"In these cases it was held that the legislative acts declaring section lines to be highways without making provisions for compensation or damages were invalid, but in none of them was the act of Congress, or the effect of the congressional grant, considered by the court. Nor does it appear that the act of Congress would have had application in these particular cases. It could have no effect where the lands had ceased to be part of the public domain before the acceptance by the Legislature or the public, nor where private rights and interests had attached to public lands before the enactment."

On June 28, 1906, when the Osage alloting act, including section 10, *supra,* was passed, section 6072 of Wilson's Rev. & Ann. St. 1903, was in force in the territory of Oklahoma, within the boundaries of which the Osage Indian Reservation was located, and as soon as said section 10 was applied to the Osage Indian lands, said section 6072 had the effect of accepting the dedication or grant, for the purposes of public highways. By the terms of the enabling act (section 21) and the schedule to the Constitution (section 2),

the laws in force in the territory of Oklahoma at the time of the admission of the state into the Union remained in force throughout the state, except as modified or changed by said act or by the Constitution of the state. Section 2, art. 16, of the Constitution, a specific acceptance of all reservations and lands for public highways made under any grant, agreement, treaty, or act of Congress, as supplemented by the provision of section 6072 of Wilson's Rev. & Ann. St. 1903, extended in force in this state, providing that all section lines within this state "shall be and are hereby declared to be public highways," had the effect of establishing public highways or roads on all section lines in the Osage Nation, one rod in width on each side of said section lines. Section 30, art. 1, c. 32, Sess. Laws 1909, seems also to be a legislative construction to this effect. The proviso to section 2, art. 16, *supra,* that said section should not be construed to prejudice the vested rights of any tribe, allottee, or other person to such land, is merely declaratory of the law as it already existed, as such acceptance could have no effect, where private rights and interests had attached to such lands before the adoption of such provision.

As to provisions by Congress for roads in the Creek, Cherokee, Choctaw, Chickasaw, and Seminole Nations, see Act June 30, 1902, c. 1323, 32 Stat. 502; Act July 1, 1902, c. 1375, § 37, 32 Stat. 722; Act April 26, 1906, c. 1876, § 24, 34 Stat. 145; secs. 74, 90, 476 and 525 Bledsoe's Indian Laws.

2.    Section 30 of article 1, c. 32, at page 493, Sess. Laws 1909, provides:

"Whenever it becomes necessary to remove fences   or other property located on the right of way of public highways for the purpose of opening and improving the same, the road supervisor shall give thirty days' notice in writing to the owner of such property or the occupant thereof, to remove the same, and if not removed within the specified time, he shall proceed to remove the said property."

Such public highways having been dedicated by act of Congress and accepted by general statute of the territory or state, and the road supervisor, after notice, having proceeded to abate the ob-.

·struction or nuisance by removing the same by virtue of said section, the plaintiff was not entitled to invoke the powers of equity to prevent it. *McLean v. Mathews,* 7 Ill. App. 602; Joyce on Nuisances, §§ 368, 370, 379, 380; Elliott on Roads and Streets (2d Ed.) §§ 660, 661; Wilson's Rev. & Ann. St. 1903, §§ 3721, 3728.

Section 6074, Wilson's Rev. & Ann. St. 1903, has no application to a dedication or grant by act of Congress, where same has been accepted and declared to be a public highway by general enactment of the Legislature.

3. In view of the conclusion hereinbefore reached, it is not essential to pass on this question.

It follows that this case is reversed and remanded, with instructions to the lower court to dismiss plaintiff's petition.

All the Justices concur.