WHITE *et al.* v. DOWELL *et al.*

No. 6411. Opinion Filed December 21, 1915.

(153 Pac. 1140.)

1.  **HIGHWAYS—Power to Vacate.** By the third subdivision of section 1600, Rev. Laws 1910, boards of county commissioners are given authority to vacate highways along section lines granted by section 23 of the Organic Act, and accepted by the state.

2.  **PETITION FOR INJUNCTION—Vacation of Highway.** Petition in this action examined, and **held** that same states a cause of action.

(Syllabus by the Court.)

*Error from District Court, Ellis County;*

*G. A. Brown, Judge.*

Action by Jennie White and another against C. M. Dowell, Road Overseer of Dist No. ——, and others. Judgment for defendants, and plaintiffs bring error. Reversed and remanded.

*C. B. Leedy,* for plaintiffs in error.

*Frank E. Ransdell,* for defendants in error.

HARDY, J. Plaintiffs in error, who will be referred to as plaintiffs, instituted this action in the district court of Ellis county against defendants in error, who will be referred to as defendants, seeking to enjoin them, as road overseer and township board, from removing certain buildings, fencing, and improvements located on a section line between sections 17 and 18 in township 22 north, range 24 west, in Ellis county. Defendants filed demurrer to the petition, which, after due consideration by the court, was sustained. Exceptions were saved to the ruling and judgment of the court, and, plaintiffs electing to

stand upon their petition, the bill was dismissed and plain-tiffs bring the case here.

The petition alleges that plaintiffs are the lawful owners and in possession of the premises involved, and that on the 3d day of February, 1910, the board of county commissioners of Ellis county by lawful order and amicable settlement purchased from plaintiffs a public road for use as a public highway, which is described in the petition; that on said date the said board of county commissioners did lay out and establish a public highway upon and along said quarter section line described, and did approve the survey and approved the public necessity for a public road along said quarter section line, and upon said day by lawful order condemned the section line between sections 17 and 18, township 22 north, range 24 west, for the reasons set forth in a petition to them, that is, that said section line was impassable and could not be used for a public highway; that on said February 3, 1910, said board of county commissioners made and entered an order that, if plaintiffs would make and deliver their deed to the state of Oklahoma for 66 feet of land along a certain route, describing it, being one mile in length, the section line between sections 17 and 18 would be vacated and closed as a section line; that plaintiffs made and executed and delivered said deed as agreed upon, which said deed is now on record in the office of the register of deeds of Ellis county, and that the lands therein conveyed were immediately opened and established as a highway, and have at all times since been used as such; that since said date the section line between said sections 17 and 18 has at all times been closed since March, 1910, and is at this time closed and not in use as a public highway, is impassable, and cannot with any reasonable expense to

the county be made passable for use as a public highway; that the order vacating the same has never been set aside, and that the order establishing a highway along the quarter section line has not been vacated, and said line is at this time a public highway upon the lands of plaintiffs; that the section line between sections 17 and 18 has not been lawfully opened or secured from plaintiffs by amicable settlement or otherwise, and is the private property of plaintiffs; that defendants are threatening to unlawfully enter upon the land of plaintiffs, to wit, sections 17 and 18, and are about to open a public road upon their private property without condemning same or obtaining said premises in any other lawful manner.

The sole question for determination in this case is whether at the date of the order vacating the section line between sections 17 and 18 there existed any authority in the board of county commissioners to make such order. Section 23 of the Organic Act of Oklahoma territory is as follows:

"Sec. 23. That there shall be reserved public highways four rods wide between each section of land in said territory, the section lines being the center of said highways; but no deduction shall be made, where cash payments are provided for, in the amount to be paid for each quarter section of land by reason of such reservation. But if the said highway shall be vacated by any competent authority, the title to the respective strips shall inure to the then owner of the tract of which it formed a part of the original survey."

This reservation of lands for public highways was accepted by an act of the territorial Legislature which became effective December 18, 1890, and afterwards became section 6072, Wilson's Rev. & Ann. Stat., and by

section 2 of article 16 of the Constitution said reservation was accepted by the state.

The contention is made that there was no authority existing in the board of county commissioners to vacate said section line. In 1909 the Legislature revised the laws of the state relating to roads and highways, and the revision is contained in chapter 32, art. 1, Session Laws 1909, and is embraced in Revised Laws 1910, art. 1, c. 73. This revision as made was substituted for all former acts on that subject, and, together with the provisions concerning eminent domain, found in article 13, c. 15, and chapter 30, Rev. Laws 1910, constitutes the statutory law in reference to those subjects. *Arthur v. Board of Co. Com'rs,* 43 Okla. 174, 141 Pac. 1. The law as revised contained no provision authorizing the board of county commissioners to vacate any highway. Section 1600, Rev. Laws 1910, which was in force at that time, provides with reference to powers of county commissioners:

"They shall have power: * * * Third. To construct and repair bridges, and to open, lay out and vacate highways."

It is said that this section does not apply to highways of the character involved, which were reserved by act of Congress, and the grant accepted by the state; and the opinion of this court in *Mills v. Glasscock,* 26 Okla. 123, 110 Pac. 377, is cited in support thereof. The decision in that case involved a highway in the Osage Nation which had been reserved by section 10 of the Osage Allotment Act (Act June 28, 1906, c. 3572, 34 Stat. L. 545), which provides:

"That public highways or roads, two rods in width, being one rod on each side of all section lines, in the Osage Indian reservation, may be established without any compensation therefor."

There was no provision in said section for the abandonment of said highways, and the decision in that case is distinguished from the case at bar in that by section 23 of the Organic Act, which originally made the reservation, it was expressly provided:

"And if the said highways shall be vacated by any competent authority the title to the respective strips shall inure to the then owner of the tract of which it formed a part of the original survey."

Here was an express recognition of the fact by Congress in the act making the reservation that said highways might be vacated by competent authority, which was not the case in *Mills v. Glasscock*. The state, under this provision in section 23 of the Organic Act, would have the right to vacate said highway, and might, and did by the third subdivision of section 1600, Rev. Laws 1910, delegate authority to the county commissioners to vacate highways, which would be sufficiently broad and comprehensive to include highways dedicated by section 23, and accepted by the state. The petition alleges that the county commissioners by lawful order vacated said section line upon the condition that plaintiffs would deed to the State of Oklahoma a highway along the quarter section line 66 feet wide and one mile in length, which deed was executed and placed on record, and the county commissioners accepted said highway, and same is now in use as such, and at the same time vacated the highway along the section line between sections 17 and 18. There is no complaint made of the procedure followed by the commissioners, but the contention of defendants is based solely upon the proposition that the order was void for lack of authority in the commissioners to make same. No rights of abutting property owners are involved; it ap-

pearing from the allegations of the petition that the plaintiffs own the property on both sides of said section line. The plaintiffs, having executed a deed to the highway along the quarter section line, and delivered same as a consideration upon their part for the abandonment of the highway along the section line, certainly have some rights in the premises, and are entitled to be heard upon this admitted state of facts.

Many good reasons exist why authority should be vested in the county commissioners to vacate section lines; for, as here alleged, it might be impossible and impracticable to improve the same, and by having this authority conferred upon them they may, as was done in this case, without expense to the county, secure highways that are passable, practicable, and convenient.

For the reasons given, the judgment of the court below sustaining the demurrer is reversed, and the cause is remanded, with instructions to overrule the same.

All the Justices concur.