## SEBRANEK et al. v. BOARD OF COM'RS OF GARFIELD COUNTY et al.

No. 21011.   Nov. 21, 1933.

Rehearing Denied Dec. 12, 1933.

McKeever, Elam & Stewart, for plaintiffs in error.

Dan Mitchell, Co. Atty., and A. L. Zinser, Asst. Co. Atty., for defendants in error.

ANDREWS, J. This is an appeal from a judgment of the district court of Garfield county, Okla., denying the prayer of the plaintiffs in error, the plaintiffs therein, for a decree quieting their title to certain real estate which consists of a public road across a quarter section of land which they owned. It is admitted that that road was opened about the year 1895, and that it has been used continuously as such since that time.

It is neither alleged nor proved that the plaintiffs were in possession of the property, the title to which they sought to have quieted in them, to wit, the public road. It was, and for many years had been, fenced, separate and apart from the adjoining land. It not only had been opened, but it had been graded and concrete bridges had been constructed thereon. In view of our conclusion, we do not think it necessary to discuss the question of whether or not the plaintiffs could maintain an action to quiet title to land the possession of which they did not have. We do not consider it necessary to discuss the other issues presented by the briefs on this appeal.

The decision in this case is controlled by the provisions of section 8, ch. 268, of the Act of Congress of July 26, 1866, 14 Stat. 253, and the provisions of chapter 72, Statutes of Oklahoma, 1893. Under those provisions, all section lines in the Territory were declared to be public highways, and the board of county commissioners was authorized to lay out, alter, or vacate any road, the procedure therefor being provided by the chapter. Under the provisions of section 1780, Statutes of Oklahoma, 1893, the board of county commissioners was required to keep a book for the entry of all proceedings relating to the establishment or change of roads.

There is nothing in this record to show that the road along the section line was not changed by moving it to the place where it is now located, which is some 500 feet from the section line. No effort was made to show that a change had not been made in accordance with the provisions of the statute, supra. After the long lapse of time and approximately 30 years of continuous use of the public highway, in the absence of evidence to the contrary, this court must assume and will assume that the road was properly opened, under the provisions of the statute authorizing the same. Bonaparte, Co. Treas., v. Nelson, 142 Okla. 54, 285 P. 100; Mills v. Glasscock, 26 Okla. 123, 110 P. 377.

For the reasons stated, we find no error in the judgment of the trial court, and that judgment is in all things affirmed.

RILEY, C. J., and SWINDALL, Mc-NEILL, OSBORN, BUSBY, and WELCH, JJ., concur. CULLISON, V. C. J., and BAYLESS, J., absent.