568 F.Supp. 980 (1983)
Joseph O. MORRISSEY, Jr., Plaintiff,
v.
COUNTY TOWER CORP., et al., Defendants.
No. 82-2032C(1).
United States District Court, E.D. Missouri, E.D.
July 25, 1983.
*981 Thomas J. Guilfoil, Jim J. Shoemake, St. Louis, Mo., for plaintiff.
Robert D. Rosenbaum, William J. Baer, Gary E. Humes, Washington, D.C., Albert H. Hamel, James M. Byrne, St. Louis, Mo., for defendants.

MEMORANDUM
NANGLE, Chief Judge.
This case is now before this court on the motion of plaintiff to reduce defendants' taxable costs. Plaintiff objects to all of the items listed on defendants' bill of costs, with the single exception of $38.00 for the witness attendance fee and mileage costs incurred by defendants for Joseph O. Morrissey, Jr.'s attendance at the trial.
Plaintiff first objects to the court reporter transcript fees incurred by defendants in obtaining copies of transcripts of pre-trial court proceedings. Plaintiff contends that these fees are not taxable as costs because defendants failed to justify the necessity of these fees, as required by 28 U.S.C. § 1924, and because these fees were not "necessarily obtained for use in the case", as required by 28 U.S.C. § 1920(2). With respect to the first contention, any failure of defendants to formally comply with 28 U.S.C. § 1924 was cured by defendants' "Reply Memorandum" to plaintiff's objections. With respect to the second contention, it is the general rule that "[i]n addition to the judge's copy, the court ... will allow the prevailing party's copy of the transcript as a taxable cost even though he, rather than the court, ordered the transcript." 10 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d, § 2677 at 355-57 (1983) (emphasis added). Thus, the court's copy and the prevailing party's first copy meet the "necessarily obtained" test in 28 U.S.C. § 1920(2). Therefore, defendants' bill of costs for court reporter fees be and is granted to the extent that the costs are for either the court's copy or defendants' first copy of the pre-trial proceedings transcript. To the extent any of defendants' costs are for second or multiple copies, a fact which is not on the face of defendants' receipts for *982 12-18-82, 1-19-83, and 2-23-83, defendants' bill of costs is denied as not "necessarily" incurred.
Plaintiff next objects to defendants' claim for witness fees, consisting of attendance fees and mileage fees, in connection with depositions and the trial which ended in involuntary dismissal at the close of plaintiff's case under Fed.R.Civ.P. 41(b). Plaintiff again contends that these costs are not supported by sufficient information and justifications, as required by 28 U.S.C. § 1924. However, again defendants have cured this defect in their "Reply Memorandum". Plaintiff objects to the attendance fees for the deposition witnesses on the ground that the depositions were merely exploratory and investigative, rather than necessary to the defense of plaintiff's claim. This court rejects this argument because defendants have satisfactorily demonstrated to this court, in defendants' "Reply Memorandum", that the depositions of these witnesses "reasonably seemed necessary at the time [they were] taken." 10 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d, § 2676 at 341 (1983). The depositions of each of these witnesses would have seemed, at the time taken, reasonably necessary for use in cross-examination or defendants' case-in-chief. Plaintiff also objects to the trial witness fees. However, again this court is satisfied that the testimony of these witnesses would have been "`relevant and material to an issue in the case and reasonably necessary to its disposition'", had the trial not been terminated at the close of plaintiff's case. 10 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d, § 2678 at 374 (1983). Finally, plaintiff objects to defendants' claims for mileage on the ground that defendants have not provided any substantiation or the method of calculation for any of the mileage claims. The court will sustain this objection and deny defendants' claims for mileage, with the exception of the $8.00 for Mr. Morrissey which plaintiff does not object to. Defendants will be given 15 days to provide this court with substantiation of the mileage claims, at which time defendants may reassert their claim for mileage. Therefore, defendants' bill of costs for witness fees is granted and its claim for mileage is denied, but defendants are granted 15 days to provide adequate substantiation for and reassert their mileage claims.
Plaintiff next objects to defendants' bill of costs for exemplification and copies. Plaintiff basically contends that defendants have not demonstrated that such costs were "necessarily" incurred. Courts, however, have taxed as costs a wide variety of papers and physical exhibits. 10 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d, § 2677 (1983). Plaintiff's objections are overruled because defendants have satisfactorily demonstrated to this court that its costs for exemplification and copies were "necessarily obtained for use in the case", within the meaning of § 1920(4). The entire amount requested is therefore granted (with the exception of $770.00 which plaintiff and defendants admit was paid to defendants by plaintiff).
Plaintiff next objects to defendants' bill of costs for costs incident to the taking of depositions. A total of thirty-seven (37) depositions were taken: twenty-three (23) at the request of plaintiff and fourteen (14) at the request of defendants. With respect to the fourteen depositions taken on behalf of defendants, defendants' bill of costs will be granted to the extent of the fees for the court reporter's presence, fees for the notary and the cost of the original transcript with respect to each of the fourteen. Defendants have demonstrated that the taking of these depositions "reasonably seemed necessary at the time [they were] taken." 10 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d, § 2676 at 341 (1983). Defendants have, in their "Reply Memorandum", reduced by 50% their request for the costs connected with thirteen of these fourteen depositions and plaintiff will be taxed only to the extent of defendants' request.
Defendants, however, have also requested that plaintiff be taxed for the costs of one (1) copy of each of the thirty-seven *983 depositions. There is a split of authority on the question of whether copies of depositions are taxable as costs, at least where, as here, the originals of all depositions were filed with the court and equally available to all parties. 10 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d, § 2676 at 339-41 (1983). See also cases cited in 50 ALR Fed. 472. Plaintiff asserts that the correct rule is that such costs are not taxable and that there can be no exceptions. However, even the case which plaintiff relies on, Esler v. Safeway Stores, Inc., 77 F.R.D. 479 (W.D.Mo.1978), cannot be read to stand for such an inflexible rule. Although the Esler court noted the "general rule disallowing as costs expenses for copies of depositions", id. at 482, the reason that the court denied the plaintiff's request for taxing the costs of copies of depositions was that "plaintiff [had] made no showing that those copies were ordered for any purpose other than the convenience of plaintiff's counsel in investigating the facts of the case." Id. at 483. In the present case this court finds that defendants have made an adequate showing that a copy of each of the depositions taken by both parties was reasonably necessary to defending plaintiff's claim and for purposes other than the convenience of counsel in investigating the facts. These other valid purposes included preparation of witnesses for examination or cross-examination, anticipation of impeachment attempts, use on direct or cross-examination, and possibly even introduction into evidence. Since this case was terminated at the close of plaintiff's case, the benefit of any doubt as to whether defendants would have used any of the deposition copies during their case must be given to defendants. See Prashker v. Beech Aircraft Corp., 24 F.R.D. 305 (D.Del.1959). Defendants' need for copies in preparation of its case was especially compelling in this case, given plaintiff's successful efforts to expedite the trial of this matter. Therefore, plaintiff's objections to costs incident to the taking of depositions be and are overruled.
Plaintiff next objects to defendants' request for $339.00 for the costs of a transcript of the special Meeting of Shareholders held December 22, 1982. Plaintiff's objection is overruled because defendants have justified that this item was "necessarily incurred", as required by § 1924. 28 U.S.C. § 1924.
Plaintiff next objects to defendants' request for the cost of serving trial subpoenas on the ground that defendants have failed to show the necessity of those witnesses at trial to defend against plaintiff's claims. Plaintiff's objection is overruled because defendants have shown to this court's satisfaction that those witnesses were reasonably necessary to defendants' case.
Plaintiff's final objection is to defendants' request for $79.00 for costs incurred in attempting to serve one Mr. McDevitt with a deposition subpoena. Plaintiff's objection is overruled because defendants have shown that Mr. McDevitt's testimony was material to plaintiff's case and that these costs were "necessarily incurred" in attempting to take his deposition.
Accordingly, plaintiff's objections to defendants' bill of costs are sustained in part and overruled in part.