George James ANDERSON, et al., Plaintiffs,

v.

CHRISTIAN HOSPITAL NORTHEAST–NORTHWEST, et al., Defendants.

No. 82–1779C(1).

United States District Court, E.D. Missouri, E.D.

Feb. 3, 1984.

Martin J. Toft, St. Louis, Mo., for plaintiffs.

Ben Ely, Jr., St. Louis, Mo., Kemper R. Coffelt, Clayton, Mo., Morris E. Stokes, St. Charles, Mo., for defendants.

## MEMORANDUM

NANGLE, Chief Judge.

This case is now before this Court on the motion of plaintiffs to reduce the taxable costs of defendants Eye Health Care of St. Louis, Inc., and William F. Hoffman, M.D. This case was dismissed on the eve of trial due to plaintiffs' failure to comply with two (2) orders of this Court relating to discovery of plaintiffs' expert witnesses in advance of trial. Defendant Hoffman was granted leave to file his bill of costs out of time. E.D.Mo.R. 24(C)(1). Defendant Eye Health Care of St. Louis, Inc., is also hereby granted leave to file its bill of costs.

Defendant Hoffman seeks $32.90 for exemplification and copies of papers necessarily obtained for use in the case and $166.62 for his one-fourth (¼) share of the cost of one original and four copies of plaintiffs' deposition. (The four defendants split the cost of said deposition.) Defendant Eye Health Care of St. Louis, Inc., seeks $24.60 for copies of papers necessarily obtained for use in the case and $250.62 for costs incident to the taking of depositions. This figure of $250.62 consists of Eye Health Care's one-fourth (¼) share of the cost of plaintiffs' deposition plus $84.00 for an additional copy of said deposition.

■ Plaintiffs first contend that defendants should not be considered "prevailing parties" for purposes of awarding costs under Rule 54(d). Fed.R.Civ.P. 54(d). However, even though this Court's dismissal of plaintiffs' claim was without prejudice and was not a dismissal on the merits, defendants are "prevailing parties" for purposes of taxing costs. 10 C. Wright, A. Miller, & M. Kane, Federal Practice and Procedure: Civil 2d § 2667 at 180 (1983).

Plaintiffs do not purport to object to defendant Hoffman's request for $32.90 and Eye Health Care's request for $24.60 for the cost of copies of papers necessarily obtained for use in the case. Therefore said amounts are allowed as costs to be taxed against plaintiffs. See 28 U.S.C. § 1920(4).

■ Plaintiffs do object to the amounts requested for the costs of taking plaintiffs' depositions. Specifically, plaintiffs argue that the cost of copies of depositions are not taxable and that defendants are only entitled to the cost of the original. A similar argument was rejected by this Court in Morrissey v. County Tower Corp., 568 F.Supp. 980, 983 (E.D.Mo.1983), where this Court held that the cost of a copy of a deposition may be taxed as costs by the prevailing party where it appears that the copy was reasonably necessary to defend plaintiffs' claim and that it was obtained for purposes other than the convenience of counsel in investigating the facts. In the case at bar, plaintiffs' complaint was dismissed prior to trial due to the omissions of plaintiffs. Therefore, as in Morrissey, the benefit of any doubt regarding the necessity and purpose of obtaining a copy of plaintiffs' deposition must be given to defendants. Id. Therefore, defendants' request for the cost of the original and one copy, in the amount of $166.62 for each defendant, is granted.

However, defendant Eye Health Care's request for the cost of a second copy, in the amount of $84.00, is denied. This Court is unaware of any authority allowing the cost of two (2) copies of a deposition to be taxed against a non-prevailing party. Moreover, defendant Eye Health Care has made no showing as to why two (2) copies were reasonably necessary to its defense of plaintiffs' claim. Therefore, that portion of defendant Eye Health Care's request is denied.

Accordingly, costs are taxed against plaintiffs in favor of defendant Hoffman in the amount of $199.52 and in favor of defendant Eye Health Care in the amount of $191.22.