**PASCHALL PROPERTIES, INCORPO-
RATED, Plaintiff-Appellee,**

v.

**BOARD OF COUNTY COMMISSION-
ERS, Delaware County, State of
Oklahoma, Defendant-Appellant.**

No. 59369.

Supreme Court of Oklahoma.

Jan. 20, 1987.

Rehearing Denied March 24, 1987.

Waldo F. Bales, Asst. Dist. Atty., Jay, for defendant-appellant.

Sam P. Daniel, Jr., Doerner, Stuart, Saunders, Daniel & Anderson, Tulsa, for plaintiff-appellee.

HARGRAVE, Vice Chief Justice.

The appellee, Paschall Properties, Incorporated, commenced this action in the District Court of Delaware County praying that the appellant, Board of County Commissioners of the County of Delaware, be permanently enjoined from maintaining a section line road between Sections 3 and 10 of Township 24 North, Range 22 East. Since the impoundment of the waters of

the Grand Lake of the Cherokees the road ends at the lake. Prior to this the road did not terminate. The plaintiff-appellee owns a portion of land 660 feet on either side of this road. Plaintiff's petition alleges this road has been abandoned, thus it is the exclusive owner of that property and the defendant should be enjoined from its continuing trespass upon the road. The district court found the public and the Board of County Commissioners had abandoned the road and enjoined the Commissioners from using and maintaining it. The Court of Appeals affirmed, and appellant sought a writ of certiorari from this Court which has previously been granted.

Appellant contends that since this section line was created by the Cherokee Allotment Agreement it cannot be abandoned by the Board of County Commissioners. Alternately, appellant contends the road in question has not been abandoned and failure to maintain the road does not constitute abandonment.

Section 37 of the Cherokee Allotment Agreement, 32 Statutes 716, provides in part:

Public highways or roads, two rods in width being one rod on each side of the section line, may be established along all section lines without any compensation being paid therefor, and allottees, purchasers, and others shall take the title to such lands subject to this provision. . . .

This reservation for roadways was accepted by Article 16, Section 2 of the Constitution of Oklahoma:

The State of Oklahoma hereby accepts all reservations and lands for public highways made under any grant, agreement, treaty or Act of Congress; provided, this section shall not be construed to prejudice the vested rights of any tribe, allottee or other person to any such land.

 The state acceptance of this grant found in the constitutional provision above quoted is self-enacting and operative without additional legislation. *Mills v. Glasscock*, 26 Okl. 123, 110 P. 377 (1910). The Osage Allotment Act, Section 10 of 34 Statutes 545, contains a similar reservation for highways. Section 10 of the Osage Allotment Act above cited provides in its entirety:

That public highways or roads, two rods in width, being one rod on each side of all section lines, in the Osage Indian reservation, may be established without any compensation therefor.

Reading *Mills, supra*, in conjunction with *White v. Dowell*, 49 Okl. 589, 153 P. 1140 (1915), it is clear that the case law of this jurisdiction has noted that there is no provision for abandonment of Osage Indian Territory section line roads. *Mills, supra*, was distinguished from the situation found in *White, supra*, as the *White* Court stated Section 10 of the Osage Allotment Act made no provision for abandonment of these roads while under Section 23 of the Organic Act (which established the section line road being considered in *White, supra*) there was an express recognition of the power to vacate recognized by Congress.

 The Osage Allotment Act is simply silent on the subject of vacation and abandonment. However, the Cherokee Allotment Act negates the argued ability to permanently vacate or abandon section line roads. It provides that roads may be established along *all* sections lines without any compensation being paid for them. It is also provided that the original allottees and purchasers shall take their title to these lands subject to this ability to establish roads. The Act contains no time constraints as to when these roads may be established and specifies that all subsequent purchasers are subject to the provision, having taken their title subject to it. It is therefore concluded that the trial court erred in permanently enjoining the Board of County Commissioners from opening up the questioned section line road inasmuch as the Cherokee Allotment Act, as accepted by the Oklahoma Constitution, Article 16, Section 2, allows all section lines to be opened. The limited use of the road in question will not lessen the right of the public to use the entire width of the road when increased travel and the exigencies of

the public render it desirable. *State ex rel. King v. McCurdy,* 171 Okl. 445, 43 P.2d 124 (Okl.1935).

The trial court erred in permanently enjoining the Board of County Commissioners of Delaware County from widening and maintaining said road.

Certiorari to the Court of Appeals, Division II, previously granted; opinion of the Court of Appeals vacated; the judgment of the trial court is REVERSED.

DOOLIN, C.J., and LAVENDER, SIMMS, OPALA, KAUGER and SUMMERS, JJ., concur.

WILSON, J., concurs in result.

HODGES, J., dissents.