921 F.2d 1032
 Don RENBARGER, Plaintiff-Appellant,
and
Janice Johnson, Terry Kinnamon, and Ricky Don Johnson, by
and through his mother and next friend, Janice
Johnson, Plaintiffs,
v.
Sam LOCKHART, J.D. Risley, Wade Stovall, Defendants.
and
Michael Daffin, and Betty Weiss, Defendants-Appellees.
 No. 87-2707.
 United States Court of Appeals,
Tenth Circuit.
 Dec. 11, 1990.
 
 William H. Campbell, Oklahoma City, Okl., for plaintiff-appellant.
 Scott D. Cannon of Knight, Wagner, Stuart & Wilkerson, Tulsa, Okl. and Weldon Stout of Kennedy, Kennedy, Wright & Stout, Muskogee, Okl., for defendants-appellees.
 Before HOLLOWAY, Chief Judge, BALDOCK, Circuit Judge, and BRIMMER*, District Judge.
 BRIMMER, Chief Judge.
 
 
 1
 This dispute arose over the construction of a public road along the border of lands owned by the appellant, Don Renbarger. In his complaint, appellant (plaintiff below) alleged various violations of his civil rights stemming from the construction of the road and his subsequent arrest on a related criminal charge. After lengthy proceedings, the trial court directed verdicts for all but one of the defendants remaining at trial. Appellant now appeals from the entry of the directed verdicts against him and in favor of the other defendants, and from evidentiary rulings of the court below. We affirm.
 
 
 2
 The appellant Renbarger purchased the land in question in Sequoyah County, Oklahoma in 1973. At the time of purchase the land was burdened by a reservation for a county road down a section line which formed one border of the property. The record reflects that Renbarger was made aware of the imminent construction of a road along this section line at various times prior to the incidents which ultimately led to this lawsuit.
 
 
 3
 On March 2, 1982 Renbarger observed activity along his property line and went to investigate. He found some of the defendants and others in the process of bulldozing a road down the section line and tearing down the fence that appellant had strung down the middle of the proposed road. Among those present was defendant Michael Daffin, Sequoyah County Assistant District Attorney, who allegedly told Renbarger that he (Daffin) was there to enforce the cutting of the road. Renbarger confronted the defendants and after an unsuccessful attempt to stop the construction, went to town to seek legal help or advice.
 
 
 4
 Unable to engage legal counsel, Renbarger returned to his ranch where he confronted defendant Betty Weiss, a neighboring landowner whose husband had approached the Sequoyah County Commissioners with the idea of opening the reserved county road. He attempted to force Mrs. Weiss out of the area by hurling a dirt clod at her vehicle. She, of course, retreated. Deputies of the Sequoyah County Sheriff's office apparently later approached Renbarger at his home regarding the incident involving the dirt clod and Mrs. Weiss. No arrest was made.
 
 
 5
 The next day, March 3, Renbarger began repairing the fence. He began by blasting holes for fence posts with dynamite. He subsequently left this chore to his foreman and ex-wife, Janice Johnson. As the sheriff and his deputy approached Johnson later that morning, she set off a charge, showering them with dirt. The officers promptly arrested Johnson, who was later acquitted of attempted murder. That evening, law enforcement officials from various local, state and federal agencies descended upon the Renbarger's home, where they proceeded to arrest the appellant, Terry Kinnamon, an employee of Renbarger, and Ricky Don Johnson, the minor son of Ms. Johnson. Attempted murder charges were filed against Renbarger and were subsequently dropped. The road apparently was never finished.
 
 
 6
 Suit was filed, dropped, and eventually refiled by Renbarger, Janice Johnson, Terry Kinnamon, and Ricky Don Johnson, alleging violations of civil rights under 28 U.S.C. Sec. 1343 and 42 U.S.C. Sec. 1983. Named defendants in the refiled suit were Sheriff Sam Lockhart, Deputies J.D. Risley and Wade Stovall, Daffin and Weiss. Eventually, after various settlements and directed verdicts, only Renbarger's claim against J.D. Risley, who had allegedly assaulted and threatened the appellant upon his arrest on March 3, 1982, went to the jury. The jury found for Renbarger and awarded damages of $1.
 
 
 7
 Appellant Renbarger now challenges the trial court's rulings which disallowed the introduction of testimony by Gus Gossett, a Sequoyah County Commissioner, on the customs and practices of the county commissioners when opening a reserved section line road for public use. He contends that the procedure actually followed by the commissioners in this case "failed to meet even the most rudimentary requirements of due process and notice." Specifically, appellant sought to show that it was customary to inform the burdened landowner of the impending opening of the road. Appellant also challenges as error the directed verdicts in favor of Daffin and Weiss.
 
 
 8
 Appellant cites Adickes v. S.H. Kress & Company, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970), for the proposition that custom which carries with it the force of law is relevant to the issue of whether due process required that he be informed of the building of the proposed road. That case is inapposite. In Adickes, the Court held that if the plaintiff could show "the existence of a state enforced custom of segregating the races ..." and that the action complained of "was motivated by that state-enforced custom, she will have made out a claim under Sec. 1983." Id. at 171-73, 90 S.Ct. at 1615-16 (footnote omitted). Here, appellant attempted to show that the custom of informing burdened landowners of the pending construction of county roads rose to such a level so as to amount to a denial of due process in the absence of that notice. Adickes speaks of custom as the act depriving one of constitutional rights. In contrast, appellant speaks of custom as the measure of what process is due.
 
 
 9
 But, irrespective of appellant's custom argument, in the absence of an identifiable and protected property interest, he has no claim based on alleged deficiencies in procedural due process. See, e.g., Goss v. Lopez, 419 U.S. 565, 572-73, 95 S.Ct. 729, 735, 42 L.Ed.2d 725 (1975); Perry v. Sindermann, 408 U.S. 593, 599, 92 S.Ct. 2694, 2698, 33 L.Ed.2d 570 (1972); Board of Regents v. Roth, 408 U.S. 564, 569-70, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972). Here, appellant had no protected property interest in the land along the section line where the defendants were constructing the road, appellant took title to his land subject to the Cherokee Allotment Act, Pub.L. No. 57-241, 32 Stat. 716 (1902). Section 37 of the Act provides that public roads "may be established along section lines without any compensation being paid therefor, and all allottees, purchasers, and others shall take the title to such lands subject to this provision...." Moreover, the Oklahoma Constitution recognizes the validity of this reservation of lands for public roads along section lines. Okla.Const. art. XVI, Sec. 2. In Paschall Properties, Inc. v. Bd. of County Comm'rs, 733 P.2d 878 (1987), the Oklahoma Supreme Court analyzed the effects of the Cherokee Allotment Agreement on the property interests of landowners whose property borders a section line. The court stated:
 
 
 10
 [T]he Cherokee Allotment Act negates the argued ability to permanently vacate or abandon section line roads. It provides that roads may be established along all property lines without any compensation being paid for them. It is also provided that the original allottees and purchasers shall take their title to these lands subject to this ability to establish roads. The Act contains no time constraints as to when these roads may be established and specifies that all subsequent purchasers are subject to the provision, having taken their title subject to it.
 
 
 11
 Paschall, 733 P.2d at 879 (emphasis in original and added). Appellant thus had no protected property interest in that portion of his land encumbered by the reserved road which would entitle him to notice of the intended construction. Also, the trial court found that appellant did have actual notice of the opening of the road. Because the requirements of due process did not attach in the absence of a protected property interest, the procedure customarily followed by the Sequoyah County Commissioners is irrelevant. But even if there was a denial of due process--which this Court has not found--that process was not denied by any named defendant. It was the action of the county commissioners, who were not named as defendants, which resulted in the opening of the road.
 
 
 12
 In short, custom is not the measure of due process, and in any event, appellant had no protected property interest but nonetheless did have actual notice of the proposed construction of the road. This Court will not find error in a ruling excluding evidence absent a showing that a substantial right of a party has been affected. K-B Trucking Co. v. Riss Int'l Corp., 763 F.2d 1148, 1155-56 (10th Cir.1985). Consequently, since its ruling did not affect any rights of the appellant, the trial court did not err in excluding Mr. Gossett's testimony.
 
 
 13
 We next turn to appellant's argument that the trial court erred in directing verdicts for Daffin, the assistant district attorney, and Weiss, the neighboring landowner. We have said "that the trial judge may grant a motion for directed verdict only when all the inferences to be drawn from the evidence are so in favor of the moving party that reasonable persons could not differ in their conclusions." Federal Deposit Ins. Corp. v. Palermo, 815 F.2d 1329, 1335 (10th Cir.1987). This is such a case.
 
 
 14
 Regarding the appellant's arguments concerning the propriety of the order directing verdict in favor of Daffin, appellant argues that this issue revolves around Daffin's presence at the road site. However, the issue of Daffin's liability was narrowed at the pretrial conference to whether "Daffin, acting outside the scope of his duties as a District Attorney for Sequoyah County, improperly advised the County Commissioners ...", not whether he should be held liable based on his actions at the construction site. "Ordinarily, issues ... not preserved in the final pretrial order are considered to have been eliminated from an action." Rath Packing Co. v. Becker, 530 F.2d 1295, 1308 (1975), aff'd Jones v. Rath Packing Co., 430 U.S. 519, 97 S.Ct. 1305, 51 L.Ed.2d 604 (1977).
 
 
 15
 Appellant alleged that Daffin violated his rights by improperly advising the county commissioners regarding the legality of opening a public road on the section line forming the border of appellant's property, and this advice was outside the scope of Daffin's duties as an assistant district attorney. Appellant now argues that the district court erred directing verdict for Daffin. The facts show otherwise.
 
 
 16
 First, the trial court found no evidence that Daffin even advised the county commissioners regarding the road. Moreover, if he had advised them that the road could be built, that advice would have been absolutely correct, because the appellant took title to the land subject to the reservation for the road.
 
 
 17
 Second, appellant asserted that by giving the commissioners advice regarding the road, Daffin was acting outside the scope of his authority. To the contrary, Oklahoma statutes provide:
 
 
 18
 The District Attorney, or his Assistant shall give opinion and advice to the board of county commissioners ... when requested by such officers and boards, upon all matters in which any of the counties of his district are interested, or relating to the duties of such boards or officers in which the state or counties may have an interest.
 
 
 19
 Okla.Stat.Ann. tit. 19, Sec. 215.5 (West 1988). There is no evidence in the record, nor has this Court been shown any authority, to the effect that Daffin would have been doing anything other than performing his statutory duty had he advised the commissioners regarding the opening of the road.
 
 
 20
 Appellant takes issue with the trial court's reliance on Imbler v. Pachtman, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976), and Benavidez v. Gunnell, 722 F.2d 615 (10th Cir.1983), to support the directed verdict in favor of Daffin. These cases discuss prosecutorial immunity and good faith, and are of little help to this Court in determining whether the trial court's directed verdict ruling was proper. Our concern is whether "all the inferences to be drawn from the evidence are so in favor of [Daffin] that reasonable persons could not differ in their conclusions." Palermo, 815 F.2d at 1335. In this instance, they are. Because there was no evidence to support appellant's allegations that Daffin advised the commissioners, properly or improperly, the trial court was correct in ordering the directed verdict in favor of Daffin.
 
 
 21
 Even assuming, arguendo, that the issue of Daffin's behavior at the construction site was preserved and tried by appellant, the trial court's ruling in favor of Daffin must still be affirmed. As previously stated, no protected rights of appellant were infringed and no injury was suffered. In the absence of a constitutionally protected right, Daffin's actions could not have violated due process. Roth, 408 U.S. at 569-70, 92 S.Ct. at 2705.
 
 
 22
 This conclusion leads us to the disposition of the final issue on appeal--the propriety of the directed verdict in favor of Weiss. Appellant challenges the trial court's ruling that, because there was no showing that Weiss acted under color of state law, she could not be subjected to suit under Sec. 1983. To be liable for civil rights violations under 42 U.S.C. Sec. 1983, one must have acted "under color of state law." West v. Atkins, 487 U.S. 42, 48, 108 S.Ct. 2250, 2255, 101 L.Ed.2d 40 (1988). This does not mean that private persons are immune from suit under Sec. 1983. "To act 'under color' of law does not require that the accused be an officer of the state. It is enough that he is a willful participant in joint activity with the State or its agents." United States v. Price, 383 U.S. 787, 794, 86 S.Ct. 1152, 1156, 16 L.Ed.2d 267 (1966). However, "[t]o constitute state action, 'the deprivation [of the plaintiff's federally protected rights] must be caused by the exercise of some right or privilege created by the state ... or by a person for whom the state is responsible....' " West, 487 U.S. at 49-50, 108 S.Ct. at 2255-56 (quoting Lugar v. Edmondson Oil Co., 457 U.S. 922, 937, 102 S.Ct. 2744, 2753, 73 L.Ed.2d 482 (1982)).
 
 
 23
 Whether Weiss was exercising "some right or privilege" conferred upon her by the state, or was "a person for whom the state is responsible", is of no significance if there was no deprivation of a protected right. We have already held that the opening of the road did not deprive appellant of any constitutionally protected right. The trial court properly found, a fortiori, that since "the county officials did not deprive the plaintiff Renbarger of any property without due process of law, the defendant Weiss cannot have acted in joint participation with them to deprive the plaintiff Renbarger of property without due process of law."
 
 
 24
 Accordingly, we affirm.
 
 
 
 *
 The Honorable Clarence A. Brimmer, Chief Judge, United States District Court for the District of Wyoming, sitting by designation