999 F.2d 548
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Philip J. SMITH and David Dahl, Plaintiffs-Appellants,
v.
UNITED STATES Of America, Department of Veteran Affairs;
City of Oklahoma City, a municipal corporation,
Defendants-Appellees.
 No. 92-6340.
 United States Court of Appeals, Tenth Circuit.
 July 8, 1993.
 
 Before SEYMOUR and TACHA, Circuit Judges, and ROGERS,* Senior District Judge.
 ORDER AND JUDGMENT**
 SEYMOUR, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Plaintiffs-appellants Philip J. Smith and David Dahl appeal the magistrate judge's grant of summary judgment and the award of costs. Because Smith and Dahl were not deprived of a constitutionally protected property interest, and because costs were properly assessed, we affirm.
 
 
 3
 On June 28, 1988, a burned structure at 2124 N.E. 27th Street in Oklahoma City was declared dilapidated and ordered torn down by the City Council. Notice of this declaration was served on the record owner and eight mortgage holders on July 13, 1988. The notice directed that the structure be removed by July 29, 1988, and further advised that if removal were not completed by this date, the City would arrange for demolition of the structure and would impose a lien on the property. On July 15, 1988, the following notice was recorded in the county property records:
 
 
 4
 Notice is hereby given to any interest [sic] parties that the City of Oklahoma City, pursuant to authority granted by the Title 11 O.S.A., Section 22-112 (Supp.1978) has by Resolution of the City Council determined the structures situated upon the hereinafter described real properties to be dilapidated and determined [sic] to the health and welfare of the public or a fire hazard. Pursuant to the provision of the above cited statute, said dilapidated structures have been ordered by the City of Oklahoma City to be torn down and removed from said real properties. If such removal is not performed by the owner of said property and is performed by the City of Oklahoma City the costs of such removal to the city shall be certified to [sic] County Treasurer and become a lien in the nature of a tax lien against the said real properties [sic] are not paid by said property owners.
 
 
 5
 Purchase of the following described real properties should not be concluded after this date without making due inquiry of the Office of the City Clerk of The City of Oklahoma City to ascertain whether the said City claims any costs against said real properties for removal of dilapidated structures.
 
 
 6
 Appellee. Supp.App. at 56.
 
 
 7
 Because the structure was not removed within the required time, the City awarded a demolition contract in September 1988. This contract was stayed in October 1988, after the first mortgage holder advised that it would clean up and rebuild the structure within ninety days. In February 1989, the City was advised that the Veteran's Administration (VA) was trying to repossess the property and did not want anything done until it regained title. In October 1989, the City authorized the demolition contractor to go ahead with removal of the structure. Because the contractor failed to do so, the City cancelled the contract and awarded a second demolition contract in June 1990. The burned structure was demolished in July 1990.
 
 
 8
 Meanwhile, in April 1990, the property upon which the structure stood was purchased from the VA for $4,500 by California investor David Dahl. Mr. Dahl and his partner, Philip Smith, planned to renovate and lease the burned structure. Neither Mr. Dahl nor Mr. Smith checked the county property records for encumbrances on the title. After the structure was demolished, Dahl and Smith made a claim against the City for $77,250.
 
 
 9
 Mr. Dahl and Mr. Smith brought suit against the VA and the City in the United States District Court for the Western District of Oklahoma, claiming negligence and violation of due process. The district court dismissed the complaint against the VA for lack of subject matter jurisdiction and awarded costs pursuant to Fed.R.Civ.P. 54(d) and 28 U.S.C. § 1920. Upon reference by consent of the parties, the magistrate judge granted summary judgment in favor of the City on the due process claim, finding that Mr. Dahl and Mr. Smith had no legitimate claim of entitlement to the dilapidated house. Because jurisdiction over the negligence claim rested upon the existence of a federal claim, the state claim was dismissed as well. This appeal followed.
 
 
 10
 "We review summary judgment decisions de novo, applying the same standards as the district court under Fed.R.Civ.P. 56(c)." Russillo v. Scarborough, 935 F.2d 1167, 1170 (10th Cir.1991). Summary judgment is appropriate when, viewing the record in the light most favorable to the nonmoving party, there is no genuine dispute over a material fact and the moving party is entitled to judgment as a matter of law. Id. Here, the operative facts are undisputed. The question therefore becomes one of law: whether Mr. Smith and Mr. Dahl had a protected property interest in the dilapidated structure and, if so, whether they received the process they were due.
 
 
 11
 Property interests protected by the Due Process Clause are not created by the Constitution, but rather are created and their dimensions defined by independent sources such as state law. Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 538 (1985); Jacobs, Visconsi & Jacobs, Co. v. City of Lawrence, 927 F.2d 1111, 1116 (10th Cir.1991). Thus, we look to Oklahoma statutes to determine the legitimacy of Smith and Dahl's claim of entitlement to the dilapidated structure. Jacobs, 927 F.2d at 1116.
 
 
 12
 Under Oklahoma law, the City had the right to remove the structure, which posed a hazard to the health, safety, or welfare of the general public, after following the procedures set forth in Okla.Stat. tit. 11, § 22-112. After the structure was declared dilapidated and notice thereof was filed in the property records, Mr. Smith and Mr. Dahl, as subsequent purchasers, took title to the land subject to the City's right to remove the structure and to impose a lien for the cost of its demolition. Mr. Smith and Mr. Dahl, therefore, had no protected property interest in the dilapidated structure, as opposed to the land itself. See, e.g., Renbarger v. Lockhart, 921 F.2d 1032, 1034 (10th Cir.1990) (Oklahoma landowner who took title subject to the Cherokee Allotment Act, which granted the county the right to build public roads along section lines, had no protected property interest in land along section line), cert. denied, 112 S.Ct. 877 (1992); see also Jackson Court Condominiums, Inc. v. City of New Orleans, 665 F.Supp. 1235, 1244 (E.D.La.1987) (landowner had no protected property interest in developing a time share condominium project five months after passage of a city ordinance prohibiting such developments), aff'd, 874 F.2d 1070 (5th Cir.1989).
 
 
 13
 Mr. Smith and Mr. Dahl argue that Renbarger does not apply because the Act in that case contained no time constraints, whereas the statute in this case requires the removal to be completed within a "reasonable" time. This requirement, however, refers to the time in which the record owner must remove the hazardous structure, not the time in which the government may do so. In any event, we do not see how a reasonableness requirement creates a protected property interest where none existed before. Because state law did not give Mr. Dahl and Mr. Smith a legitimate claim of entitlement to the dilapidated structure, their interest was merely a "unilateral expectation," unprotected by the due process clause. See, e.g., Board of Regents v. Roth, 408 U.S. 564, 577 (1972).
 
 
 14
 Mr. Smith and Mr. Dahl next argue that the VA was not a "prevailing party" as required by Fed.R.Civ.P. 54(d), and that they, therefore, should not be required to pay the government's costs. The district court dismissed Mr. Smith and Mr. Dahl's complaint against the VA for lack of jurisdiction. A defendant is a prevailing party within the meaning of Rule 54(d) when the plaintiff's action is dismissed for lack of jurisdiction. See, e.g., GHK Exploration Co. v. Tenneco Oil Co., 857 F.2d 1388, 1391 (10th Cir.1988) (defendant entitled to costs when action dismissed for lack of subject matter jurisdiction); cf. Burda v. M. Ecker Co., 954 F.2d 434, 440 n. 9 (7th Cir.1992) (when an action has been dismissed for failure to state a claim, the defendant is the "prevailing party" within the meaning of Rule 54(d)); Anderson v. Christian Hosp. N.E.-N.W., 100 F.R.D. 497, 498 (E.D.Mo.1984) (defendant was "prevailing party" under Rule 54(d) when plaintiff's claim was dismissed for discovery violations). An assessment of costs was thus appropriate.
 
 
 15
 Mr. Smith and Mr. Dahl also argue that costs should not have been awarded to the City. Plaintiffs did not, however, request the district court to review the clerk's award of costs within five days, as required by Fed.R.Civ.P. 54(d). Failure to timely file such a motion precludes review of the costs assessed in favor of the City. Fleet Inv. Co. v. Rogers, 87 F.R.D. 537, 540 (W.D.Okla.1978), aff'd, 620 F.2d 792 (10th Cir.1980); see also Jacobson v. Rose, 592 F.2d 515, 521 (9th Cir.1978), cert. denied, 442 U.S. 930 (1979).
 
 
 16
 The judgment of the United States District Court for the Western District of Oklahoma is AFFIRMED.
 
 
 
 *
 Honorable Richard D. Rogers, United States District Judge for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3